**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

MICHAEL K. HERRON,

    Debtor.

Bankruptcy No. 19-24527-TPA

Chapter 11

Related to Doc. Nos. 1, 3, 40

Document No. ___

**ORDER APPROVING PROPERTY MANAGER**

    **AND NOW**, this ___ day of _____, **20**__, upon consideration of the ***Application to Employ M. J. Kelly Realty, Corp. as Property Manager for Debtor-in-Possession***, it is **ORDERED**, **ADJUDGED** and **DECREED** as follows:

    1. ***M. J. Kelly Realty, Corp.*, 2147 Ardmore Blvd., Pittsburgh, PA 15221**, is hereby appointed, as of the date of the filing, as Property Manager for Debtor in this bankruptcy proceeding for the reasons set forth in the Application.

    2. Professional persons or entities performing services in the above case are advised that approval of fees for professional services will be based not only on the amount involved and the results accomplished, but other factors as well, including: the time and labor reasonably required by counsel, the novelty and difficulty of the issues presented, the skill requisite to perform the legal service properly, the preclusion of other employment due to acceptance of this case, the customary fee, whether the fee is fixed or contingent, the time limitations imposed by the client or the circumstances, the experience, reputation and ability of the attorneys involved, the undesirability of the case, the nature and length of the professional relationship with the client, and, awards in similar cases.

    3. Approval of any motion for appointment of counsel in which certain fees are requested for various identified professionals is not an agreement by the Court to allow such fees at the requested hourly rates, and is not a preapproval of compensation pursuant to 11 U.S.C. §328(a). Final compensation, awarded only after notice and hearing, may be more or less than the requested hourly rates based on application of the above-mentioned factors in granting approval by Court Order. Any retainer paid to the Attorney is unaffected by this Order and remains property of the Estate until further order of Court.

    4. Notwithstanding anything to the contrary in the letter of engagement or agreement between Movant and the Attorney, this Order does not authorize the Attorney to retain or pay any outside counsel or other professional to assist Attorney in this matter unless such is done at no expense to Movant, directly or indirectly. Any other retention of, and payment to, an outside counsel or other professional is subject to prior approval of the Court.

    5. **Applicant shall serve the within Order on all interested parties and file a certificate of service.**

                                                    _____
                                                    Thomas P. Agresti
                                                    United States Bankruptcy Judge