**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:                                    Case No. 19-24527-TPA

MICHAEL K. HERRON,                        Chapter 11

      Debtor.                              Doc. No. ____

**DISCLOSURE STATEMENT TO ACCOMPANY DEBTOR'S
PLAN OF REORGANIZATION UNDER CHAPTER 11 OF
THE UNITED STATES BANKRUPTCY CODE DATED MAY 19, 2020**

Aurelius Robleto, Esq.
Renée M. Kuruce, Esq.

ROBLETO KURUCE, PLLC
6101 Penn Ave., Ste. 201
Pittsburgh, PA 15206
Telephone:    (412) 925-8194
Facsimile:    (412) 346-1035
Email:       apr@robletolaw.com
             rmk@robletolaw.com

*Attorneys for the Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:                                     Case No. 19-24527-TPA

MICHAEL K. HERRON,                         Chapter 11

       Debtor.

## DISCLOSURE STATEMENT
## TO ACCOMPANY PLAN DATED MAY 19, 2020

✔ Chapter 11 Small Business (Check box only if debtor has elected to be considered a small business under 11 U.S.C. § 1121(e))

Debtor furnishes this disclosure statement to creditors in the above-captioned matter pursuant to Bankruptcy Code § 1125 to assist them in evaluating debtor's proposed Chapter 11 plan, a copy of which is attached hereto. Creditors may vote for or against the plan of reorganization. Creditors who wish to vote must complete their ballots and return them to the following address before the deadline noted in the order approving the disclosure statement and fixing time. The Court will schedule a hearing on the plan pursuant to 11 U.S.C. § 1129.

Address for return of ballots:

ROBLETO KURUCE, PLLC
6101 Penn Ave., Ste. 201
Pittsburgh, PA 15206

## I.    Background

1.    *Name of Debtor*:  The Debtor's name is Michael K. Herron.

2.    *Type of Debtor (individual, partnership, corporation)*:   The Debtor is an individual.

3.    *Debtor's Business or Employment*:  The Debtor is a medical doctor, board certified in radiology and is recently retired from the United States Naval Reserves after earning the rank of Captain.  The Debtor now receives periodic income from three sources: (i) the operation of a medical practice in Homosassa, Florida; (ii) performance of medical services as an independent contractor; and (iii) rents from investment properties.

3.    *Date of Chapter 11 Petition*:  The Debtor commenced this case on November 21, 2019 (the "*Petition Date*"), by filing a voluntary petition under chapter 11 of the United States Bankruptcy Code.

5.      *Events that Caused the Filing*:  In his capacity as a Naval Reservist, the Debtor served as Naval Flight Surgeon to several naval air squadrons.  When not in active military service, the Debtor operated a private medical practice.  However, during periods of active military service, the Debtor was unable to treat the patients of his medical practice.  On those occasions, the Debtor's income was dramatically reduced.  When the Debtor received orders to report for active duty in support of Operating Enduring Freedom, those orders specified a report date of November 30, 2012 and a service period of at least 410 days.  That reduction in income, in tandem with the Debtor's diminished availability to communicate with his creditors and attorneys, imposed considerable strain on the Debtor's financial condition from which the Debtor has found no relief.  That financial strain intensified after his former employer ceased operations.  Despite its cessation of business, that former employer nevertheless advised the Debtor's prospective employers that it would enforce the covenant not to compete contained in the Debtor's employment agreement.

Nevertheless, the Debtor has tried in earnest to improve his circumstances, as evidenced by the Debtor's numerous and repeated, good faith efforts to seek loss mitigation efforts with his mortgage lenders and accommodations from his tax creditors.  Unfortunately, in most instances, the Debtor's efforts were unsuccessful.  Thus, seeing no viable alternative, and in order to preserve and maximize the value of the Debtor's estate and to provide for fair treatment and equitable treatment of his creditors, he sought to reorganize under chapter 11.

6.      *Anticipated Future of the Company & Source of this Information and Opinion*: The Debtor continues to operate his medical practice, perform medical services as an independent contractor, and receive rental income from his investment properties.  The Debtor and his counsel believe that the Debtor's future income will allow him to fund his payment obligations under his chapter 11 plan.

7.      *Summarize all Significant Features of the Plan Including When and How Each Class of Creditor Will Be Paid and What, If Any, Liens Will Be Retained By Secured Creditors or Granted to Any Creditor Under the Plan*:  First, the Debtor will seek a determination of the secured status of two creditors with claims secured by real property situate in Crystal River, Florida.  The Debtor contends that the values of those two properties are dramatically less than the claimed outstanding balances of the mortgages encumbering them.  Second, the Debtor will seek a determination that no portion of the $944,778.95 claim of the Internal Revenue Service should be accorded priority or secured status, and all of it should be subject to discharge.  Third, the Debtor will surrender a disputed interest in a property, in full satisfaction of any claim against him related to that property.

The Debtor will pay all priority claims within five years, unless required to pay them sooner.  Likewise, the Debtor will cure any delinquent mortgage claims within five years, by making periodic payments upon them.  Additionally, the Debtor make regular payments of debt service upon any mortgage, in accordance with contractual terms, as they may be modified by the Bankruptcy Court's determinations of secured status.  The Debtor's unsecured creditors will be paid the lesser of (i) the full amount of their allowed claims; or (ii) pro rata distributions from the Debtor from a fund of at least $10,000.00.

8.      *Are All Monthly Operating Statements Current and on File with The Clerk of Court*?

*Yes* _____✔_____    *No* _____              *If Not, Explain*:

9.    *Does the plan provide for releases of nondebtor parties?  Specify which parties and terms of release*.  The Debtor's plan does not provide for a release of any non-debtor parties.

10.    *Identify all executory contracts that are to be assumed or assumed and assigned. The following executory contracts are to be assumed under the Debtor's plan*:  Lists of the executory contracts that the Debtor will assume and reject under his plan are attached hereto as *Exhibit A*.

11.    *Has a bar date been set*?    *Yes* _____✔_____    *No* _____
*(If not, a motion to set the bar date has been filed simultaneously with the filing of this disclosure statement.)*  The claims bar date is May 19, 2020, and creditors, including governmental units have until May 19, 2020 to file proofs of claims.

12.    *Has an election under 11 U.S.C. §1121(e) been filed with the Court to be treated as a small business*?

*Yes* ___    *No* _____✔¨____

13.    *Specify property that will be transferred subject to 11 U.S.C. § 1146*.  The Debtor's plan makes no provision for the transfer of property pursuant to section 1146 of the Bankruptcy Code.

## II.    Creditors

### A.    Secured Claims

SECURED CLAIMS

| Creditor | Total Amount Owed | Arrearages | Type of Collateral Priority of Lien (1, 2, 3) | Disputed (D) Liquidated (L) Unliquidated (U) | Will Liens Be Retained Under the Plan (Y) or (N) |
|---|---|---|---|---|---|
| NexTier Bank (Chesterfield properties) | 92,720.60 | 0.00 | 2 | L | Y |
| Wells Fargo, as Trustee (155 Chesterfield) | 72,092.96 | 39,911.63 | 1 | L | Y |
| Wells Fargo, as Trustee (237 Chesterfield) | 20,889.20 | 337.94 | 1 | L | Y |
| Wells Fargo, as Trustee (340 Roup) | 200,992.24 | 108,076.93 | 1 | L | Y |
| Wells Fargo, as Trustee (3700 Orpwood) | 155,396.52 | 81,977.12 | 1 | L | Y |
| Bank of America (7167 Ross Garden Road) | 82,056.61 | 51,157.76 | 1 | D | Y |
| Wells Fargo, as Trustee (1122 SE Kings Bay Dr.) | 1,279,719.30 | 560,439.71 | 1 | D | Y |
| Bank of America (1132 SE Kings Bay Dr.) | 544,722.02 | 51,189.77 | 1 | D | Y |
| Deutsche Bank, as Trustee (731 Rosedale) | 390,203.90 | 1,750.27 | 1 | L | Y |
| Internal Revenue Service (SE Kings Bay Dr. properties) | 867,570.25 | 867,570.25 | 1 | D | N |
| SN Servicing Corp. (414 Fern St.) | 285,929.00 | 0.00 | 1 | L | Y |
| **Totals:** | **3,992,292.60** | **1,762,411.38** | | | |

### B.    Priority Claims    *n/a*

### C.    Unsecured Claims

1. Amount Debtor Scheduled (Disputed and Undisputed)    $0.00
2. Amount of Unscheduled Unsecured Claims 1    $134,632.75
3. Total Claims Scheduled or Filed    $134,632.75

| | |
|---|---|
| 4. Total Amount Stipulated Unsecured Claims | $134,632.75 |
| 5. Amount Debtor Disputes | $0.00 |
| 6. Estimated Allowable Unsecured | $134,632.75 |

D.      Other Classes of Creditors

| | |
|---|---|
| 1. Amount Debtor Scheduled (Disputed and Undisputed) | $0.00 |
| 2. Amount of Unscheduled Claims 1 | $0.00 |
| 3. Total Claims Scheduled or Filed | $0.00 |
| 4. Amount Debtor Disputes | $0.00 |
| 5. Estimated Allowable Claims | $0.00 |

E.      Other Classes of Interest Holders

| | |
|---|---|
| 1. Amount Debtor Scheduled (Disputed and Undisputed) | $0.00 |
| 2. Amount of Unscheduled Claims 1 | $0.00 |
| 3. Total Claims Scheduled or Filed | $0.00 |
| 4. Amount Debtor Disputes | $0.00 |
| 5. Estimated Allowable Claims | $0.00 |

III.    **Assets**

ASSETS

| Asset | Value | Basis for Value Priority of Lien | Name of Lien Holder (if any) (Fair Market Value/Book Value) | Amount of Debtor's Equity (Value Minus Liens) |
|---|---|---|---|---|
| 1132 SE Kings Bay Dr. (FL) 34429 | 400,000.00 | FMV - 1 | Bank of America, N.A. | 0.00 |
| 731 Rosedale St. (MD) 21401 | 477,000.00 | FMV - 1 | n/a | 15,140.00 |
| 7167 Ross Garden Rd. 15206 | 54,000.00 | FMV - n/a | Bank of America, N.A. | n/a |
| 340 Roup Ave. 15232 | 315,000.00 | FMV - 1 | Wells Fargo as Trustee | 114,007.76 |
| 155 Chesterfield Ave. 15213 | 135,000.00 | FMV - 1 | Wells Fargo as Trustee | 62,907.04 |
| - | - | FMV - 2 | NexTier Bank | - |
| 237 Chesterfield Ave. 15213 | 155,000.00 | FMV - 1 | Wells Fargo as Trustee | 134,110.71 |
| - | - | FMV - 2 | NexTier Bank | - |
| 145 Chesterfield Ave. 15213 | 150,000.00 | FMV - 1 | Wells Fargo as Trustee | 57,279.40 |
| - | - | FMV - 2 | NexTier Bank | - |
| 1122 SE Kings Bay Dr. (FL) 34429 | 100,000.00 | FMV - 1 | Wells Fargo as Trustee | 0.00 |
| 3655 S. Suncoast Blvd (FL) | 852,000.00 | FMV - 1 | Steve Neff | n/a |
| 1276 W. Tacoma St. | 344,976.00 | FMV - 1 | Steve Neff | n/a |
| Furniture & household goods | 30,000.00 | Est. | | 30,000.00 |
| Electronics | 26,375.00 | Est. | | 26,375.00 |
| Collectables | 2,000.00 | Est. | | 2,000.00 |
| Clothing | 23,000.00 | Est. | | 23,000.00 |
| Jewelry | 31,000.00 | Est. | | 31,000.00 |
| Cash | 125.00 | | | 125.00 |
| Checking Account | 294.00 | | | 294.00 |
| LLC Interests | 6.20 | | | 6.20 |
| 401(k) Account | 154,000.00 | | | 154,000.00 |
| Security deposit | 1,700.00 | | | 1,700.00 |
| Annuity | 125,000.00 | | | 125,000.00 |
| Irrevocable Trust | unknown | | | unknown |
| Note Receivable | 125,000.00 | | | 125,000.00 |
| **TOTAL:** | **2,582,976.00** | | **TOTAL:** | **901,945.11** |

1.    *Are any assets which appear on Schedule A or B of the bankruptcy petition not listed above*?  No.

*If so, identify asset and explain why asset is not in estate*:

2.    *Are any assets listed above claimed as exempt*?  *If so, attach a copy of Schedule C and any amendments*.  The Debtor has claimed exemptions in certain of the above-described assets.  A copy of the Debtor's Schedule C is attached hereto as *Exhibit B*.

## IV.    SUMMARY OF PLAN

1.    *Effective Date of Plan*:  The Effective Date for the Debtor's plan will occur upon the first date when all of the following conditions are met (i) an order confirming the Debtor's plan becomes final; (ii) the Debtor has accepted any material alteration or interpretation to any term or provision of the plan imposed by the Bankruptcy Court; and (iii) other documents and agreements necessary to implement this plan have been executed and delivered and all other actions required to be taken in connection with the Effective Date have occurred.

2.    *Will cramdown be sought?*  ✔  *Yes* (if necessary) ____ *No*
*If Yes, state bar date*:  May 19, 2020

3.    Treatment of Secured **Non-Tax** Claims

### SECURED NON-TAX CLAIMS

| Creditor | Class | Amount Owed | Summary of Proposed Treatment | Reg. Payment |
|---|---|---|---|---|
| NexTier Bank | 1 | 92,720.60 | Continue to pay as agreed. | 436.50 |
| Wells Fargo as Trustee | 3 | 1,279,719.30 | 506 action - rem. sec. claim paid as agreed. | 7,657.80 |
| Bank of America | 3 | 544,722.02 | 506 action - rem. sec. claim paid as agreed. | 5,326.62 |
| Wells Fargo as Trustee | 4 | 20,889.20 | Cure arrearages w/in 5 years; pay as agreed | 359.60 |
| Wells Fargo as Trustee | 4 | 72,092.96 | Cure arrearages w/in 5 years; pay as agreed | 399.34 |
| Deutsche Bank/PHH | 4 | 390,203.90 | Cure arrearages w/in 5 years; pay as agreed | 2,168.99 |
| Wells Fargo as Trustee | 4 | 155,396.52 | Cure arrearages w/in 5 years; pay as agreed | 883.29 |
| Wells Fargo as Trustee | 4 | 200,992.24 | Cure arrearages w/in 5 years; pay as agreed | 1,272.99 |
| Bank of America | 5 | 82,056.61 | Surrender collateral in full satisfaction of claim. | 355.55 |
| **TOTAL:** | | **2,838,793.35** | | **18,860.68** |

4.    Treatment of Secured Tax Claims

| Creditor | Class | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|
| IRS | 6 | 867,570.25 | Seek determinations of (i) secured status; and (ii) dischargeability; treatment in accordance with outcomes. |

5.      Treatment of Administrative Non-Tax Claims[2]

### ADMINISTRATIVE NON-TAX CLAIMS

| Creditor | Amount Owed | Type of Debt | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|
| Robleto Kuruce, PLLC (est.) | 35,000.00 | anticipated counsel fees | To be paid in full on the effective date, unless creditor agrees to less favorable terms |
| United States trustee fees | 0.00 | statutory fees | To be paid in full on the effective date, unless creditor agrees to less favorable terms |
| TOTAL: | 35,000.00 | | |

\*  Identify and Use Separate Line for Each Professional and Estimated Amount of Payment
\*\* Type of Debt (P=Professional, TD=Trade, TX=Taxes)

6.      Treatment of Administrative Tax Claims

*While there are no Administrative Tax Claims presently due, the Debtor will pay any Allowed Administrative Tax Claims as they become due.*

7.      Treatment of Priority Non-Tax Claims

*-None-*

8**.**      Treatment of Priority Tax Claims[1]

*-None-*

9.      Treatment of General Unsecured Non-Tax Claims

### GENERAL UNSECURED NON-TAX CLAIMS

| Creditor | Class | Total Amount Owed | Percent of Dividend* | Est. Distribution |
|---|---|---|---|---|
| American Express National Bank | 8 | 12,733.98 | 7.43% | 945.83 |
| Bank of America, N.A. | 8 | 29,411.73 | 7.43% | 2,184.59 |
| PA Dept. of Revenue | 8 | 278.34 | 7.43% | 20.67 |
| Internal Revenue Service | 8 | 77,208.70 | 7.43% | 5,734.76 |
| William G. Cherbonnier, Jr. | 8 | 15,000.00 | 7.43% | 1,114.14 |
| | Totals: | 134,632.75 | | 10,000.00 |

\* Percent dividend expressed is estimated.

[2] Include all §503(b) administrative claims.

[1] Include dates when any §507(a)(7) taxes were assessed.

10.    Treatment of General Unsecured Tax Claims

| Creditor | Class | Total Amount Owed | Percent of Dividend* | Est. Distribution |
|----------|-------|-------------------|----------------------|-------------------|
| Internal Revenue Service | 8 | 77,208.70 | 7.43% | 5,734.76 |

11.    *Will periodic payments be made to unsecured creditors*?

Yes ____✔____    No _____    *First payment to begin*:    Payments shall begin within 180 days from the Effective Date (see item 1 of this section IV, Summary of Plan).

*If so:*

*Amount of each payment (aggregate to all unsecured claimants)*
*Estimated date of first payment*:    August 1, 2020
*Time period between payments*:    180 days
*Estimated date of last payment*:    February 1, 2025
*Contingencies, if any*:    Confirmation of this plan

*State source of funds for planned payments, including funds necessary for capital replacement, repairs, or improvements*:    The source of funds for the Debtor's proposed distributions shall be from the Debtor's income from business operations and employment.

*Other significant features of the plan*:    The Debtor has proposed a plan designed to promote the interests of his secured Creditors in mitigating their losses, having a predictable path to a resolution and protecting themselves from further losses.    At the same time, the Debtor believes that his chapter 11 plan will produce a result for his unsecured creditors, who would be unlikely to receive any value from their claims in a case under chapter 7 of the Bankruptcy Code.

*Include any other information necessary to explain this plan*:    n/a

## V.    Comparison of Plan with Chapter 7 Liquidation

If debtor's proposed plan is not confirmed, the potential alternatives would include proposal of a different plan, dismissal of the case or conversion of the case to Chapter 7. If this case is converted to Chapter 7, a trustee will be appointed to liquidate the debtor's non-exempt assets.  In this event, all secured claims and priority claims, including all expenses of administration, must be paid in full before any distribution is made to unsecured claimants.

| | |
|---|---:|
| Total value of Chapter 7 estate (See Section III) | 2,582,976.00 |
| 1.  Less secured claims (See Section II A) | 3,992,292.60 |
| 2.  Less administrative claims (See Section IV-5-6 and include approximate Chapter 7 expenses) | 35,000.00 |
| 3.  Less other priority claims (See Section II B) | 0.00 |
| Total Amount Available for Distribution to Unsecured Creditors | 0.00 |
| Divided by total allowable unsecured claims of (See Section II C) | 0.00 |
| *Est. Amount of Allowable General Unsecured Claims* | 134,632.75 |
| *Est. Amount Available for Distribution* | 0.00 |
| Percentage of Dividend to Unsecured Creditors: | 0.00% |

*Will the creditors fare better under the plan than they would in a Chapter 7 liquidation*?

   *Yes* ____✔____  *No* _____

*Explain*:  In a hypothetical chapter 7 case, no funds would be available for distribution to the holders of non-priority unsecured claims.  In contrast, under the plan, the Debtor estimates that the holders of allowed non-priority unsecured claims creditors may receive 7.43% of the value of their claims.

- 10 -

## VI.    Feasibility

A.    Attach Income Statement for Prior 12 Months.
B.    Attach Cash Flow Statement for Prior 12 Months.
C.    Attach Cash Flow Projections for Next 12 Months.

*Estimated amount to be paid on effective date of plan, including administrative expenses.* The Debtor estimates that $35,000.00 may be paid on the effective date of the plan.

*Show how this amount was calculated.*

| | |
|---|---|
| $35,000.00 | *Administrative Claims* |
| $0.00 | *Taxes* |
| $0.00 | *Unsecured Creditors* |
| $35,000.00 | *TOTAL* |

*What assumptions are made to justify the increase in cash available for the funding of the plan*?  n/a

*Will funds be available in the full amount for administrative expenses on the effective date of the plan?  From what source?  If not available, why not and when will payments be made*?  At the time of filing of the Debtor's plan and disclosure statement, no administrative expense claims had been unpaid.  The Debtor anticipates that he will have sufficient funds to pay all administrative expenses as they become due during the pendency of this chapter 11 case.

*Cash on hand* $13,874.46 (*Current*).  *Attach current bank statement.*

*Cash on hand* $50,000.00 (*Estimated amount available on date of confirmation*)

*If this amount is less than the amount necessary at confirmation, how will debtor make up the shortfall*?  The Debtor's cash on hand is sufficient for him to make the payments that he will be required to make on the effective date.

## VII.    Management Salaries

This section does not apply to the Debtor.

## VIII.    Identify the Effect on Plan Payments and Specify Each of the Following:

1.    *What, if any, litigation is pending*?  On the date on which the Debtor commenced this chapter 11 case, the below-listed matters had been pending.

- 11 -

*Internal Revenue Service v. Herron* – Florida, Federal Tax Lien (2015009294)
*IRS v.  Herron,* C.P. Allegheny, case no. FTL-15-00229
*City of Pittsburgh v. Herron,* C.P. Allegheny, case no. DTD-96-65398

*Bank of America v. Herron*, C.P. Allegheny, case no. MG-16-00882
*Wells Fargo v. Herron*, C.P. Allegheny, case no. MG-17-000089
*Wells Fargo v. Herron*, C.P. Allegheny, case no. GD-17-001774
*Wells Fargo v. Herron*, C.P. Allegheny, case no. GD-17-000183

2.      *What, if any, litigation is proposed or contemplated*?  The Debtor may file certain creditor related actions and claims objections in this chapter 11 case but does not anticipate filing any non-bankruptcy causes of action.

*None, apart from the adversary proceedings and contested matters contemplated in furtherance of the Debtor's Plan.*

## IX.    Additional Information and Comments

*-None-*

## X.    Certification

      The undersigned hereby certifies that the information herein is true and correct to the best of my knowledge and belief formed after reasonable inquiry.


          /s/ Michael K. Herron
          Michael K. Herron,
          *the Debtor in Possession*

               -and-

          /s/ Aurelius Robleto
          Aurelius Robleto
          PA ID No. 94633
          Renée M. Kuruce
          PA ID No. 314691
          ROBLETO KURUCE, PLLC
          6101 Penn Ave., Ste. 201
          Pittsburgh, PA 15206
          Tel:  (412) 925-8194
          Fax:  (412) 346-1035
          apr@robletolaw.com
          rmk@robletolaw.com

**ⅮBank**

America's Most Convenient Bank®

T    STATEMENT OF ACCOUNT

MICHAEL K HERRON
DIP CASE 19-24527 WDPA
1132 SE KINGS BAY DR
CRYSTAL RIVER FL  34429

| | |
|---|---|
| Page: | 1 of 2 |
| Statement Period: | Mar 01 2020-Mar 31 2020 |
| Cust Ref #: | |
| Primary Account #: | 0721 |

## Chapter 11 Checking

MICHAEL K HERRON
DIP CASE 19-24527 WDPA

Account # 0721

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 1,000.00 | Average Collected Balance | 755.89 |
| | | Interest Earned This Period | 0.00 |
| Electronic Payments | 260.94 | Interest Paid Year-to-Date | 0.00 |
| Ending Balance | 739.06 | Annual Percentage Yield Earned | 0.00% |
| | | Days in Period | 31 |

### DAILY ACCOUNT ACTIVITY

**Electronic Payments**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 03/03 | ACH DEBIT, CONTINENTAL LIFE INS PYMT CLI6051483 | 260.94 |
| | Subtotal: | 260.94 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 02/29 | 1,000.00 | 03/03 | 739.06 |

# How to Balance your Account

**Begin by adjusting your account register as follows:**

- Subtract any services charges shown on this statement.

- Subtract any automatic payments, transfers or other electronic with-drawals not previously recorded.

- Add any interest earned if you have an interest-bearing account.

- Add any automatic deposit or overdraft line of credit.

- Review all withdrawals shown on this statement and check them off in your account register.

- Follow instructions 2-5 to verify your ending account balance.

1. Your ending balance shown on this statement is:

2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3. Subtotal by adding lines 1 and 2.

4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

| | |
|---|---|
| Ending Balance | 739.06 |
| Total Deposits | + |
| Sub Total | |
| Total Withdrawals | - |
| Adjusted Balance | |

| DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| **Total Deposits** | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| **Total Withdrawals** | | |

**FOR CONSUMER ACCOUNTS ONLY — IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

**TD Bank, N.A., Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377**

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared.  When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed.  Please include:

- Your name and account number.
- A description of the error or transaction you are unsure about.
- The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly.  If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

**INTEREST NOTICE**

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

**FOR CONSUMER LOAN ACCOUNTS ONLY — BILLING RIGHTS SUMMARY**

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES: Although the Bank uses the Daily Balance method to calculate the finance charge on your Moneyline/Overdraft Protection account (the term "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full. To compute the finance charge, multiply the Average Daily Balance times the Days in Period times the Daily Periodic Rate (as listed in the Account Summary section on the front of the statement). The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing the total balance by the number of Days in the Billing Cycle. The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day. There is no grace period during which no finance charge accrues. Finance charge adjustments are included in your total finance charge.

# TD Bank

**America's Most Convenient Bank®**

T          STATEMENT OF ACCOUNT

MICHAEL K HERRON
DIP CASE 19-24527 WDPA
1132 SE KINGS BAY DR
CRYSTAL RIVER FL  34429

| | |
|---|---|
| Page: | 1 of 5 |
| Statement Period: | Mar 01 2020-Mar 31 2020 |
| Cust Ref #: | |
| Primary Account #: | 9435 |

## Chapter 11 Checking

MICHAEL K HERRON
DIP CASE 19-24527 WDPA

Account # ▇9435

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 40,493.63 | Average Collected Balance | 18,744.54 |
| Electronic Deposits | 363.68 | Interest Earned This Period | 0.00 |
| | | Interest Paid Year-to-Date | 0.00 |
| Checks Paid | 23,642.28 | Annual Percentage Yield Earned | 0.00% |
| Electronic Payments | 3,340.57 | Days in Period | 31 |
| Ending Balance | 13,874.46 | | |

### DAILY ACCOUNT ACTIVITY

#### Electronic Deposits

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 03/13 | ACH DEPOSIT, ANNAPOLIS PROPER ACH ***-*70-5929 | 363.68 |
| | Subtotal: | 363.68 |

#### Checks Paid    No. Checks: 12    *Indicates break in serial sequence or check processed electronically and listed under Electronic Payments

| DATE | SERIAL NO. | AMOUNT | DATE | SERIAL NO. | AMOUNT |
|---|---|---|---|---|---|
| 03/04 | 132 | 13,034.75 | 03/23 | 143* | 50.00 |
| 03/04 | 133 | 5,115.05 | 03/19 | 144 | 40.46 |
| 03/04 | 134 | 3,954.34 | 03/19 | 145 | 40.46 |
| 03/09 | 137* | 64.10 | 03/24 | 147* | 41.46 |
| 03/20 | 140* | 80.66 | 03/19 | 149* | 17.00 |
| 03/23 | 141 | 1,024.00 | 03/24 | 150 | 180.00 |
| | | | | Subtotal: | 23,642.28 |

#### Electronic Payments

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 03/02 | DEBIT POS, *****30064717473, AUT 030220 DDA PURCHASE WM SUPERC WAL MART SUP    HOMOSASSA    * FL | 47.65 |
| 03/02 | DEBIT POS, *****30064717473, AUT 022920 DDA PURCHASE RACETRAC 2456        LECANTO      * FL | 32.15 |
| 03/02 | DEBIT POS, *****30064717473, AUT 030120 DDA PURCHASE WAWA 5320          LECANTO      * FL | 7.41 |
| 03/03 | DEBIT POS, *****30064717473, AUT 030320 DDA PURCHASE WM SUPERC WAL MART SUP    HOMOSASSA    * FL | 60.29 |
| 03/04 | DEBIT POS, *****30064717473, AUT 030420 DDA PURCHASE WM SUPERC WAL MART SUP    HOMOSASSA    * FL | 13.54 |
| 03/06 | ELECTRONIC CK PMT-ARC, BRIGHT HOUSE CHECKPMT 0135 | 202.13 |
| 03/06 | DEBIT POS, *****30064717473, AUT 030620 DDA PURCHASE WM SUPERC WAL MART SUP    HOMOSASSA    * FL | 38.26 |

How to Balance your Account

**Begin by adjusting your account register as follows:**

- Subtract any services charges shown on this statement.

- Subtract any automatic payments, transfers or other electronic withdrawals not previously recorded.

- Add any interest earned if you have an interest-bearing account.

- Add any automatic deposit or overdraft line of credit.

- Review all withdrawals shown on this statement and check them off in your account register.

- Follow instructions 2-5 to verify your ending account balance.

1. Your ending balance shown on this statement is:

2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3. Subtotal by adding lines 1 and 2.

4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

| | |
|---|---|
| Ending Balance | 13,874.46 |
| Total Deposits | + |
| Sub Total | |
| Total Withdrawals | - |
| Adjusted Balance | |

| DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total Deposits** | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| **Total Withdrawals** | | |

**FOR CONSUMER ACCOUNTS ONLY — IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

If you need more information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

**TD Bank, N.A., Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377**

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared.  When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed.  Please include:

- Your name and account number.
- A description of the error or transaction you are unsure about.
- The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly.  If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

**INTEREST NOTICE**

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

**FOR CONSUMER LOAN ACCOUNTS ONLY — BILLING RIGHTS SUMMARY**

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error.
  If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES: Although the Bank uses the Daily Balance method to calculate the finance charge on your Moneyline/Overdraft Protection account (the term "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full. To compute the finance charge, multiply the Average Daily Balance times the Days in Period times the Daily Periodic Rate (as listed in the Account Summary section on the front of the statement). The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing the total balance by the number of Days in the Billing Cycle. The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day. There is no grace period during which no finance charge accrues. Finance charge adjustments are included in your total finance charge.

# ID Bank

**America's Most Convenient Bank®**

STATEMENT OF ACCOUNT

MICHAEL K HERRON
DIP CASE 19-24527 WDPA

| | |
|---|---|
| Page: | 3 of 5 |
| Statement Period: | Mar 01 2020-Mar 31 2020 |
| Cust Ref #: | |
| Primary Account #: | ████9435 |

---

DAILY ACCOUNT ACTIVITY

## Electronic Payments (continued)

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 03/06 | DEBIT POS, *****30064717473, AUT 030620 DDA PURCHASE<br>SHELL SERVICE S        HOMOSASSA      * FL | 30.48 |
| 03/06 | DEBIT CARD PAYMENT, *****30064717473, AUT 030520 VISA DDA PUR<br>AMAZON PRIME 6F6UY7EG3    AMZN COM BILL * WA | 13.07 |
| 03/09 | ELECTRONIC CK PMT-ARC, ADT CHECK PYMT 0136 | 115.67 |
| 03/09 | DEBIT POS, *****30064717473, AUT 030820 DDA PURCHASE<br>WM SUPERC WAL MART SUP    LECANTO      * FL | 108.60 |
| 03/09 | DEBIT POS, *****30064717473, AUT 030920 DDA PURCHASE<br>PUBLIX        HOMOSASSA      * FL | 54.27 |
| 03/10 | ELECTRONIC CK PMT-ARC, DUKE OR PIEDMONT ARC 138 | 328.91 |
| 03/10 | DEBIT CARD PURCHASE, *****30064717473, AUT 030620 VISA DDA PUR<br>THE GRILLE REST TIKI BAR  HERNANDO    * FL | 80.00 |
| 03/10 | ELECTRONIC CK PMT-ARC, DUKE OR PIEDMONT ARC 139 | 17.77 |
| 03/11 | DEBIT CARD PURCHASE, *****30064717473, AUT 030920 VISA DDA PUR<br>CFX  E PASS RETAIL    407 690 5000 * FL | 231.31 |
| 03/11 | DEBIT CARD PURCHASE, *****30064717473, AUT 030920 VISA DDA PUR<br>CFX  E PASS RETAIL    407 690 5000 * FL | 10.00 |
| 03/12 | DEBIT CARD PURCHASE, *****30064717473, AUT 031020 VISA DDA PUR<br>MARGARITA BREEZE      CRYSTAL RIVER * FL | 51.00 |
| 03/16 | DEBIT POS, *****30064717473, AUT 031620 DDA PURCHASE<br>GAJANAND LLC        HOMOSASSA      * FL | 26.02 |
| 03/16 | DEBIT CARD PAYMENT, *****30064717473, AUT 031420 VISA DDA PUR<br>NETFLIX COM        NETFLIX COM  * CA | 13.59 |
| 03/17 | TD ATM DEBIT, *****30064717473, AUT 031720 DDA WITHDRAW<br>1000 SOUTHEAST HWY 19      CRYSTAL RIVER * FL | 300.00 |
| 03/17 | DEBIT POS, *****30064717473, AUT 031720 DDA PURCHASE<br>PUBLIX          CRYSTAL RIVER * FL | 113.64 |
| 03/17 | DEBIT POS, *****30064717473, AUT 031720 DDA PURCHASE<br>BP 8240111CIRCL      CRYSTAL RIVER * FL | 2.19 |
| 03/19 | DEBIT POS, *****30064717473, AUT 031920 DDA PURCHASE<br>WAL MART SUPER CENTER    HOMOSASSA    * FL | 25.87 |
| 03/20 | ELECTRONIC CK PMT-ARC, AT&T SERVICES CHECKPAYMT 0142 | 49.81 |
| 03/20 | DEBIT POS, *****30064717473, AUT 032020 DDA PURCHASE<br>WAL MART 1029        HOMOSASSA      * FL | 33.98 |
| 03/20 | DEBIT POS, *****30064717473, AUT 032020 DDA PURCHASE<br>GAJANAND LLC        HOMOSASSA      * FL | 19.76 |
| 03/23 | ELECTRONIC CK PMT-ARC, ENTERGY UTILITY PAYMENT 0146 | 88.71 |
| 03/23 | DEBIT POS, *****30064717473, AUT 032320 DDA PURCHASE<br>PUBLIX SUPER MAR 9525 S    HOMOSASSA      * FL | 29.58 |
| 03/23 | DEBIT POS, *****30064717473, AUT 032220 DDA PURCHASE<br>PUBLIX SUPER MAR 6760 W    CRYSTAL RIVER * FL | 26.30 |
| 03/23 | DEBIT CARD PURCHASE, *****30064717473, AUT 032020 VISA DDA PUR<br>AUDIBLE P99LQ7OM3      AMZN COM BILL * NJ | 14.95 |

# TD Bank

**America's Most Convenient Bank®**

STATEMENT OF ACCOUNT

MICHAEL K HERRON
DIP CASE 19-24527 WDPA

| | |
|---|---|
| Page: | 4 of 5 |
| Statement Period: | Mar 01 2020-Mar 31 2020 |
| Cust Ref #: | |
| Primary Account #: | ████9435 |

## DAILY ACCOUNT ACTIVITY

### Electronic Payments (continued)

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 03/23 | DEBIT POS, *****30064717473, AUT 032220 DDA PURCHASE RACETRAC 2456        LECANTO      * FL | 10.00 |
| 03/24 | ELECTRONIC CK PMT-ARC, COX COMM - LOU CHECK PYMT 0148 | 83.99 |
| 03/24 | DEBIT POS, *****30064717473, AUT 032420 DDA PURCHASE PUBLIX SUPER MAR 9525 S    HOMOSASSA    * FL | 28.46 |
| 03/25 | DEBIT POS, *****30064717473, AUT 032520 DDA PURCHASE PUBLIX SUPER MAR 3942 S    HOMOSASSA    * FL | 10.71 |
| 03/26 | DEBIT POS, *****30064717473, AUT 032620 DDA PURCHASE THE HOME DEPOT  0281        SPRINGHILL    * FL | 7.08 |
| 03/27 | DEBIT POS, *****30064717473, AUT 032720 DDA PURCHASE RACETRAC 2456        LECANTO      * FL | 21.86 |
| 03/30 | DEBIT CARD PURCHASE, *****30064717473, AUT 032720 VISA DDA PUR MYBENEFITSKEEPER COM    844 792 6985 * FL | 730.09 |
| 03/30 | DEBIT POS, *****30064717473, AUT 032820 DDA PURCHASE PUBLIX SUPER MAR 6760 W    CRYSTAL RIVER * FL | 56.22 |
| 03/30 | DEBIT POS, *****30064717473, AUT 032920 DDA PURCHASE THE HOME DEPOT  6332        CRYSTAL RIVER * FL | 42.08 |
| 03/30 | DEBIT POS, *****30064717473, AUT 033020 DDA PURCHASE WM SUPERC WAL MART SUP      HOMOSASSA    * FL | 32.42 |
| 03/30 | DEBIT POS, *****30064717473, AUT 032820 DDA PURCHASE WAL MART SUPER CENTER      HOMOSASSA    * FL | 31.85 |
| 03/30 | DEBIT POS, *****30064717473, AUT 033020 DDA PURCHASE PUBLIX SUPER MAR 9525 S    HOMOSASSA    * FL | 29.62 |
| 03/30 | DEBIT POS, *****30064717473, AUT 032820 DDA PURCHASE WM SUPERC WAL MART SUP      LECANTO      * FL | 22.83 |
| 03/30 | DEBIT POS, *****30064717473, AUT 032920 DDA PURCHASE THE HOME DEPOT  6332        CRYSTAL RIVER * FL | 11.91 |
| 03/30 | DEBIT POS, *****30064717473, AUT 032820 DDA PURCHASE WAL MART SUPER CENTER      LECANTO      * FL | 4.66 |
| 03/31 | DEBIT POS, *****30064717473, AUT 033120 DDA PURCHASE THE HOME DEPOT  6332        CRYSTAL RIVER * FL | 29.88 |
| | Subtotal: | 3,340.57 |

## DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 02/29 | 40,493.63 | 03/17 | 16,791.12 |
| 03/02 | 40,406.42 | 03/19 | 16,667.33 |
| 03/03 | 40,346.13 | 03/20 | 16,483.12 |
| 03/04 | 18,228.45 | 03/23 | 15,239.58 |
| 03/06 | 17,944.51 | 03/24 | 14,905.67 |
| 03/09 | 17,601.87 | 03/25 | 14,894.96 |
| 03/10 | 17,175.19 | 03/26 | 14,887.88 |

Call 1-800-937-2000 for 24-hour Bank-by-Phone services or connect to www.tdbank.com

# TD **Bank**

America's Most Convenient Bank®

MICHAEL K HERRON
DIP CASE 19-24527 WDPA

STATEMENT OF ACCOUNT

| | |
|---|---|
| Page: | 5 of 5 |
| Statement Period: | Mar 01 2020-Mar 31 2020 |
| Cust Ref #: | ██████████████ |
| Primary Account #: | ████████9435 |

---

## DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 03/11 | 16,933.88 | 03/27 | 14,866.02 |
| 03/12 | 16,882.88 | 03/30 | 13,904.34 |
| 03/13 | 17,246.56 | 03/31 | 13,874.46 |
| 03/16 | 17,206.95 | | |