# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 19-24527-TPA |
| MICHAEL K. HERRON, | Chapter 11 |
| Debtor. | Doc. No. 92 |

## DEBTOR'S AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF
## THE UNITED STATES BANKRUPTCY CODE DATED MAY 26, 2020

Aurelius Robleto, Esq.
Renée M. Kuruce, Esq.

ROBLETO KURUCE, PLLC
6101 Penn Ave., Ste. 201
Pittsburgh, PA 15206
Telephone:   (412) 925-8194
Facsimile:   (412) 346-1035
Email:       apr@robletolaw.com
             rmk@robletolaw.com

*Attorneys for the Debtor*

# INTRODUCTION

The Debtor,[1] Michael K. Herron, is a debtor-in-possession in this case under chapter 11 of the Bankruptcy Code. The Debtor proposes the following Amended Plan of Reorganization for the resolution of outstanding claims against him. In the Disclosure Statement accompanying this Plan, the Debtor has described his assets and operations, projections for those operations, and the Debtor has provided a summary and analysis of this plan and related matters. In the event of a conflict or inconsistency between the disclosure statement and this Plan, the terms of this Plan shall govern. Subject to certain restrictions and the requirements set forth in 11 U.S.C. § 1127 and Federal Rule of Bankruptcy Procedure 3019, Mr. Carter reserves the right to alter, amend, modify, revoke or withdraw this Plan prior to its substantial consummation.

## ARTICLE I
### DEFINITIONS AND RULES OF INTERPRETATION

**1. Definitions**.

1.1. *Administrative Expense Claim* means (a) any cost or expense of administration of the Chapter 11 Case under section 503(b) of the Bankruptcy Code including, but not limited to, (i) any actual and necessary postpetition cost or expense of preserving the Estate or operating the business of the Debtor, (ii) any payment to be made under this Plan to cure a default on an assumed executory contract or unexpired lease, (iii) any postpetition cost, indebtedness or contractual obligation duly and validly incurred or assumed by the Debtor in the ordinary course of business, and (iv) compensation or reimbursement of expenses of professionals to the extent allowed by the Bankruptcy Court under section 330(a) or 331 of the Bankruptcy Code; and (b) any fee or charge assessed against the Estate under 28 U.S.C. § 1930.

1.2. *Allowed* means, with respect to any Claim (other than a Disputed Claim) or Interest, (a) any Claim or Interest, proof of which was timely filed with the Bankruptcy Court, or (b) any Claim or Interest that has been, or hereafter is, listed in the Schedules as liquidated in amount and not disputed or contingent, and, in (a) and (b) above, as to which either (i) no objection to the allowance thereof has been filed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court; or (ii) the Claim or Interest has been allowed by a Final Order (but only to the extent so allowed).

1.3. *Bankruptcy Code* means title 11 of the United States Code, as now in effect or hereafter amended.

1.4. *Bankruptcy Court* means the United States Bankruptcy Court for the Western District of Pennsylvania or any other court with jurisdiction over the Chapter 11 Case.

1.5. *Bankruptcy Rule* means the Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court, as now in effect or hereafter amended.

1.6. *Business Day* means any day other than a Saturday, Sunday or "legal holiday," as defined in Bankruptcy Rule 9006(a).

1.7. *Cash* means legal tender of the United States of America and equivalents thereof.

---

[1] Terms defined herein are capitalized and their definitions appear in Article I of the Plan.

1.8. *Causes of Action* means claims, obligations, suits, proceedings, judgments, damages, demands, liens, debts, rights, causes of action, liabilities, rights of contribution and rights of indemnification, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, in law, equity or otherwise.

1.9. *Chapter 11 Case* means the case under chapter 11 of the Bankruptcy Code commenced by the Debtor on the Petition Date.

1.10. *Claim* means a "claim," as defined in section 101(5) of the Bankruptcy Code.

1.11. *Class* means a category of Holders of Claims or Interests, as described in Article II of the Plan.

1.12. *Confirmation Order* means the order of the Bankruptcy Court confirming this Plan pursuant to section 1129 of the Bankruptcy Code, which order shall be in form and substance satisfactory to the Plan Proponent.

1.13. *Debtor* means the Debtor in this Chapter 11 Case, Michael K. Herron.

1.14. *Debtor's Counsel* means Robleto Kuruce, PLLC and its attorneys, approved as Debtor's Counsel through the Bankruptcy Court's February 4, 2020, Order entered at docket number 61 in the Chapter 11 Case.

1.15. *Disbursing Agent* means the Reorganized Debtor, or any Person designated by the Reorganized Debtor, to serve as disbursing agent under this Plan.

1.16. *Disclosure Statement* means that certain disclosure statement filed contemporaneously with this Plan, as approved by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code, as such disclosure statement may be amended, modified or supplemented from time to time in accordance with the terms of the Bankruptcy Code.

1.17. *Disputed* means, with reference to any Claim, (i) any Claim which the Debtor listed in its schedules as "disputed," or (ii) as to which the Debtor has interposed a timely objection and/or request for estimation in accordance with section 502(c) of the Bankruptcy Code and Bankruptcy Rule 3018, which objection and/or request for estimation has not been withdrawn or determined by a Final Order, or (iii) any Claim proof of which was required to be filed by order of the Bankruptcy Court but as to which a proof of claim was not timely or properly filed.

1.18. *Effective Date* means the Business Day this Plan becomes effective as provided in Article IX of this Plan.

1.19. *Estate* means the estate of the Debtor created in the Chapter 11 Case under section 541 of the Bankruptcy Code.

1.20. *Final Order* means an order, the implementation, operation or effect of which has not been stayed and as to which order (or any revision, modification or amendment thereof) the time to appeal or seek review, rehearing or a writ of certiorari has expired and as to which no appeal or petition for review, reconsideration, rehearing or certiorari is pending

1.21. *Holder* means a Person holding a Claim or Interest.

1.22. *Impaired* means, when used in reference to a Claim or Interest, a Claim or Interest that is impaired within the meaning of section 1124 of the Bankruptcy Code.

1.23. *Interest* means the legal, equitable, contractual and other rights of a Holder of equity securities the Debtor.

1.24. *IRS* means the Department of Treasury – Internal Revenue Service.

1.25. *IRS Claim* means the Claim of the IRS, which it filed in the claims register of the Chapter 11 Case on February 11, 2020, at claim number 11-1.

1.26. *Lien* means, with respect to any asset or property, any mortgage, lien, pledge, charge, security interest or other security device of any kind pertaining to or affecting such asset or property.

1.27. *Person* means an individual, corporation, partnership, joint venture, association, joint stock company, limited liability company, limited liability partnership, trust, estate, unincorporated organization or other entity.

1.28. *Petition Date* means November 21, 2019, the date on which the Debtor filed his petition for relief under the Bankruptcy Code, commencing the Chapter 11 Case.

1.29. *Plan* means this chapter 11 plan of reorganization, including all exhibits, supplements, appendices and schedules thereto, either in its present form or as the same may be altered, amended or modified from time to time in accordance with the Bankruptcy Code and the terms of this Plan.

1.30. *Plan Proponent* means the Debtor.

1.31. *Priority Tax Claim* means a Claim of a governmental unit of the kind specified in sections 502(i) and 507(a)(8) of the Bankruptcy Code.

1.32. *Priority Claim* means a Claim of the kind specified in section 507(a) of the Bankruptcy Code.

1.33. *Regular Debt Service Payment* means the regular monthly debt service payment that would have been required on account of a Claim in the absence of any default.

1.34. *Rejection Damages* means an unsecured Claim against the Debtor arising from the Debtor's rejection of an executory contract or unexpired lease.

1.35. *Reorganized Debtor* means the Debtor on or after the Effective Date, after giving effect to the transactions contemplated by this Plan occurring on the Effective Date in accordance with this Plan.

1.36. *Schedules* means the Schedules, Statements and Lists filed by the Debtor with the Bankruptcy Court pursuant to Bankruptcy Rule 1007, as they have been and may be amended or supplemented from time to time.

1.37. *Secured Claim* means any Claim that is (a) secured in whole or part, as of the Petition Date, by a Lien which is valid, perfected and enforceable under applicable law and is not subject to avoidance under the Bankruptcy Code or applicable non-bankruptcy law; or (b) subject to setoff under section 553 of the Bankruptcy Code, but, with respect to both (a) and (b) above, only to the extent of the value, net of any senior Lien, of the Estate's interest in the assets or property securing any such Claim or the amount subject to setoff, as the case may be.

1.38. *Statutory Fees* means any fees to the Bankruptcy Court or to the United States trustee, pursuant to 28 U.S.C. § 1930.

1.39.   *Unclassified Claim* means any Administrative Expense Claim, Priority Tax Claim or Claim for Statutory Fees.

1.40.   *Unimpaired Claim* means a Claim that is not impaired within the meaning of section 1124 of the Bankruptcy Code.

1.41.   *Unsecured Claim* means a Claim against the Debtor that is not an Administrative Expense Claim, a Priority Claim or a Secured Claim, but shall not include Claims that are disallowed or released, whether by operation of law or pursuant to order of the Bankruptcy Court, a written release or settlement, the provisions of this Plan or otherwise.

1.42.   *Unsecured Creditors' Fund* means the fund of Cash created by the Debtor for distribution to the Holders of General Unsecured Claims.

**2.   Rules of Interpretation**.

For purposes of this Plan, unless otherwise provided herein: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, will include both the singular and the plural; (b) unless otherwise provided in this Plan, any reference in this Plan to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such document will be substantially in such form or substantially on such terms and conditions; (c) any reference in this Plan to an existing document or schedule filed or to be filed means such document or schedule, as it may have been or may be amended, modified or supplemented pursuant to this Plan; (d) any reference to a Person as a Holder of a Claim or Interest includes that Person's successors, assigns and heirs; (e) all references in this Plan to sections, articles, exhibits and schedules are references to sections, articles, exhibits, and schedules of or to this Plan; (f) the words "herein," "hereunder," and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan; (g) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of this Plan; (h) subject to the provisions of any contract, certificates of incorporation, by-law, instrument, release or other agreement or document entered into in connection with this Plan, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, federal law, including the Bankruptcy Code and Bankruptcy Rules; (i) the rules of construction set forth in section 102 of the Bankruptcy Code will apply; and (j) in computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) will apply.

# ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

Pursuant to section 1122 of the Bankruptcy Code, all Claims and Interests, except Administrative Expense Claims and Priority Tax Claims, are assigned into classes. A Claim or Interest is designated to a particular Class for all purposes, including voting, confirmation and distribution under this Plan, pursuant to sections 1122 and 1123(a)(1) of the Bankruptcy Code.

2.1.   *Class 1:   Mortgage Lien Claims – Current Accounts Held Directly*. Class 1 consists of the Allowed Secured Claims against the Debtor secured by a first position mortgage Lien in real estate that is property of the Debtor's Estate. The Claims in Class 1 are unimpaired and, are conclusively presumed to have voted in favor of the Plan.

2.2. ***Class 2:   Mortgage Lien Claims – Current Accounts Held Indirectly***. Class 2 consists of the Allowed Claims against the Debtor secured by a first position mortgage Lien in real estate owned by a company owned by the Debtor, where the Debtor's interest in such owner-company is property of the Debtor's Estate. The Claims in Class 2 are unimpaired and are conclusively presumed to have voted in favor of the Plan.

2.3. ***Class 3:   Mortgage Lien Claims – Undersecured***. Class 3 consists of the Allowed Secured Claims against the Debtor secured by a first position mortgage Lien in real estate that is property of the Debtor's Estate, where the amount due upon the mortgage exceeds the value of such property. The Claims in Class 1 are impaired and are entitled to vote under the Plan.

2.4. ***Class 4:   Mortgage Lien Claims – Delinquent on the Petition Date***. Class 4 consists of the Allowed Secured Claims against the Debtor secured by a first position mortgage Lien in real estate that is property of the Debtor's Estate, where a payment delinquency existed on the Petition Date other than a Claim in Class 3. The Claims in Class 4 are impaired and are entitled to vote under the Plan.

2.5. ***Class 5:   Mortgage Lien Claim – Debtor Holds No Interest***. Class 5 consists of a Claim against the Debtor secured by a mortgage Lien in real estate that is not property of the Debtor's Estate, where the mortgagee has named the Debtor in a lawsuit for mortgage foreclosure. The Claim in Class 5 is impaired and is entitled to vote under the Plan.

2.6. ***Class 6:   Secured Tax Claims***. Class 6 consists of all Allowed Secured Tax Claims against the Debtor. The Claims in Class 6 are unimpaired and are conclusively presumed to have voted in favor of the Plan.

2.7. ***Class 7:   Non-Tax Priority Claims***. Class 7 consists of all Allowed Priority Claims against the Debtor, other than a Claim for taxes under section 507(a)(8) of the Bankruptcy Code. The Claims in Class 7 are unimpaired and are conclusively presumed to have voted in favor of the Plan.

2.8. ***Class 8:   General Unsecured Claims***. Class 8 consists of all Allowed Unsecured Claims against the Debtor. The Claims in Class 8 are impaired and are entitled to vote under the Plan.

# ARTICLE III
### TREATMENT OF UNCLASSIFIED CLAIMS

In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims and Priority Tax Claims are not assigned to a class. Unclassified Claims shall be treated in accordance with the provisions of this Article.

3.1. ***Administrative Expense Claims***. Each Holder of an Allowed Administrative Expense Claim allowed under section 503 of the Bankruptcy Code will be paid in full on the Effective Date, in Cash, or upon such other terms as may be agreed upon by the Holder of the Claim and the Debtor.

3.2. ***Priority Tax Claims***. The Debtor shall seek a determination of the priority status of the IRS Claim. Unless the Holder of a Priority Tax Claim and the Debtor agree to less favorable treatment, each Holder of an Allowed Priority Tax Claim shall receive equal monthly installment payments in the amount necessary to pay the full amount of such Allowed Claim. The first of the monthly installment payments described in this section shall be paid on the Effective Date and shall continue and on each of the next 59 successive months.

3.3. ***Statutory Fees***. All accrued but unpaid Statutory Fees will be paid in full on the Effective Date. Statutory Fees accruing after the Effective Date will be timely paid until the Chapter 11 Case is closed, dismissed, or converted to another chapter of the Bankruptcy Code.

## ARTICLE IV
### TREATMENT OF CLASSIFIED CLAIMS

Classified Claims identified in Article II of this Plan shall be treated in accordance with the provisions of this Article.

4.1. ***Treatment of Claims in Class 1: Mortgage Lien Claims – Current Accounts Held Directly***. The Holders of Allowed Claims in Class 1 shall be paid regular monthly debt service payments from the Debtor, in accordance with existing contractual terms.

Subject to all relevant provisions of the Bankruptcy Code, the Debtor may seek approval from the Bankruptcy Court to sell any property securing any Allowed Claims in Class 1, pursuant to section 363 of the Bankruptcy Code. In the event that the Court authorizes the Debtor to sell any property securing any Allowed Claims in Class 1, (i) the Holders of Allowed Claims in Class 1 secured by such property shall be paid the full amount of their Allowed Claims upon the terms specified in the Order approving such sales; and (ii) such sales shall be deemed to have been made under this Plan, within the meaning of section 1146(a) of the Bankruptcy Code.

4.2. ***Treatment of Claims in Class 2: Mortgage Lien Claims – Current Accounts Held Indirectly***. The Holders of Allowed Claims in Class 2 shall continue to be paid regular monthly debt service payments, in accordance with existing contractual terms.

4.3. ***Treatment of Claims in Class 3: Mortgage Lien Claims – Undersecured***. The Debtor shall seek determinations of the secured status of Claims in Class 3. The Holders of Allowed Claims in Class 3 shall be paid monthly debt service payments from the Debtor, recomputed in accordance with existing contractual terms, as modified by the Bankruptcy Court's determinations of secured status of each such Allowed Claim.

4.4. ***Treatment of Claims in Class 4: Mortgage Lien Claims – Delinquent on the Petition Date***. Each Holder of an Allowed Claim in Class 4 shall receive 60 equal monthly installment payments in the amount necessary to pay the full amount of the delinquent portion such Allowed Claim. The first of the monthly installment payments described in this section shall be paid on the Effective Date and successively thereafter for each of the next 59 successive months. Additionally, the Holders of Allowed Claims in Class 4 shall be paid regular monthly debt service payments, in accordance with existing contractual terms.

Subject to all relevant provisions of the Bankruptcy Code, the Debtor may seek approval from the Bankruptcy Court to sell any property securing any Allowed Claims in Class 4, pursuant to section 363 of the Bankruptcy Code. In the event that the Court authorizes the Debtor to sell any property securing any Allowed Claims in Class 4, (i) the Holders of Allowed Claims in Class 4 secured by such property shall be paid the full amount of their Allowed Claims upon the terms specified in the Order approving such sales; and (ii) such sales shall be deemed to have been made under this Plan, within the meaning of section 1146(a) of the Bankruptcy Code.

4.5. ***Treatment of Claims in Class 5: Mortgage Lien Claim – Debtor Holds No Interest***. The Debtor shall surrender the collateral securing any Allowed Claim in Class 5 to the Holder of such Claim in full satisfaction thereof.

4.6. ***Treatment of Claims in Class 6: Secured Tax Claims***. The Debtor shall seek a determination of the secured status and dischargeability of the IRS Claim. Unless the Debtor and the Holder of an Allowed Claim in Class 6 agree to less favorable treatment, the Holder of each such Allowed Claim shall receive equal monthly installment payments in the amount necessary to pay the full amount of such Allowed Claim. The first of the monthly installment payments described in this section shall be paid on the Effective Date and shall continue and on each of the next 59 successive months.

4.7. ***Treatment of Claims in Class 7: Non-Tax Priority Claims***. Unless the Debtor and the Holder of an Allowed Claim in Class 7 agree to less favorable treatment, the Holder of each such Allowed Claim shall receive equal monthly installment payments in the amount necessary to pay the full amount of such Allowed Claim. The first of the monthly installment payments described in this section shall be paid on the Effective Date and shall continue and on each of the next 59 successive months.

4.8. ***Treatment of Claims in Class 8: General Unsecured Claims***. Each Holder of an Allowed Claim in Class 8 shall receive annual distributions in proportion to the amount of its Allowed Claim from the Debtor. Within 180 days after the Effective Date, the Debtor shall make an initial pro rata distribution to each Holder of an Allowed Claim in Class 8. The Debtor shall make a pro rata distribution to each Holder of an Allowed Claim in Class 8 no less frequently than once annually until a date 180 days after the fifth anniversary of the Effective Date. The sum of all distributions to the Holders of Allowed Claims in Class 8 shall be at least $10,000.00, unless the sum of all Allowed Claims in Class 8 is less than $10,000.00, in which case the sum of all such distributions shall be fixed at such lesser amount.

# ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

Allowance and Disallowance of Claims shall be governed by section 502 of the Bankruptcy Code and the provisions of this Article.

5.1. ***Disputed Claims***. No distribution will be made on account of a Disputed Claim unless such Claim is allowed by a Final Order. Provided, however, that the Debtor shall retain the power and authority to settle and compromise Disputed Claims, subject to the approval of the Bankruptcy Court, in compliance with Bankruptcy Rule 9019.

5.2. ***Objections to Claims***. The Debtor may object to Claims filed in the Bankruptcy Case by the latter of a date (i) 60 days from the Effective Date; or (ii) 60 days from the date upon which a proof of claim to which the Claim to be objected to was filed or amended.

5.3. ***Disputed Claims***. No distribution will be made on account of a Disputed Claim unless such Claim is allowed by a Final Order. Provided, however, that the Debtor shall retain the power and authority to settle and compromise Disputed Claims, subject to the approval of the Bankruptcy Court, in compliance with Bankruptcy Rule 9019.

## ARTICLE VI
### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Executory contracts and unexpired leases shall be governed by sections 365 and 502 of the Bankruptcy Code and the provisions of this Article.

6.1. *Assumed Executory Contracts and Unexpired Leases*. As of the date immediately succeeding the expiration of the Initial Period, the executory contracts and unexpired leases identified in Schedule 1 of this Plan shall be assumed in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code. Entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of such assumptions pursuant to sections 365(a) and 1123 of the Bankruptcy Code. Each executory contract and unexpired lease assumed pursuant to this section shall revest in and be fully enforceable by the Debtor in accordance with its terms, except as modified by the provisions of this Plan or by any order of the Bankruptcy Court authorizing and providing for its assumption or applicable federal law.

6.2. *Rejected Executory Contracts and Unexpired Leases*. As of the Effective Date, the Debtor rejects all executory contracts and unexpired leases that he has not expressly assumed pursuant to the preceding section 6.1, including but not limited to the rejected executory contracts and unexpired leases identified in Schedule 2 of this Plan.

6.3. *Rejection Damages*. The Holder of any Claim arising from the Debtor's rejection of an executory contract or unexpired lease under section 365 of the Bankruptcy Code or deemed rejection pursuant to Article IV of this Plan, shall be permitted 60 days from the date of such rejection to submit a proof of claim for Rejection Damages. Subject to the provisions of Article V of this Plan, an Allowed Claim for Rejection Damages shall be allowed or disallowed, the same as if such Claim had arisen before the Petition Date.

## ARTICLE VII
### MEANS OF IMPLEMENTATION

The Plan shall be implemented by the means described in this Article.

7.1. *Funding of the Plan*. The Debtor shall fund the Plan from future income derived from his rental of residential real estate income; employment; and compensation for services the Debtor may perform as an independent contractor.

7.2. *Revesting*. Except as otherwise expressly provided in this Plan, immediately after the expiration of the Initial Period, the Debtor shall be vested with all of the assets and property of his former Estate, free and clear of all Claims, Liens, charges and other interests of Holders of Claims or Interests, and may operate his business free of any restrictions imposed by the Bankruptcy Code or by the Bankruptcy Court.

## ARTICLE VIII
### DISCHARGE INJUNCTION AND RELEASE

8.1. *Discharge of the Debtor.* Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in this Plan or in the Confirmation Order, the distributions and

rights that are provided in this Plan shall be in complete satisfaction, release and discharge, effective as of the Effective Date, of Claims and Causes of Action against the Debtor or any of his assets or properties, regardless of whether any property shall have been distributed or retained pursuant to this Plan on account of such Claims or Causes of Action, including, but not limited to, Claims or Causes of Action that arose before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (a) a proof of claim or interest based upon such Claim or Cause of Action is filed or deemed filed under section 501 of the Bankruptcy Code, (b) a Claim based upon such Claim or Cause of Action is allowed under section 502 of the Bankruptcy Code, or (c) the Holder of such a Claim or Cause of Action, liability, lien, obligation or right has accepted this Plan. The Confirmation Order shall be a judicial determination of the discharge of all Claims against the Debtor, subject to the occurrence of the Effective Date, except as otherwise specifically provided in the Plan, the Confirmation Order or the Bankruptcy Code.

8.2. *Injunction*. The satisfaction, release and discharge pursuant to this Article VIII shall act as an injunction against any Person commencing or continuing any action, employment of process or act to collect, offset or recover any Claim, Interest or Cause of Action satisfied, released or discharged under this Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.

8.3. *Term of Bankruptcy Injunction or Stays*. All injunctions or stays provided for in the Chapter 11 Case under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

8.4. *Release*. The Debtor and the Reorganized Debtor, as well as their attorneys, accountants and financial advisors, shall not be liable other than for willful misconduct to any holder of a Claim or any other Entity with respect to any action, omission, forbearance from action, decision, or exercise of discretion taken at any time after the Petition Date and prior to the Effective Date in connection with: (a) the management or operation of the Debtor's business or the discharge of their duties under the Bankruptcy Code, (b) the implementation of any of the transactions provided for, or contemplated in, this Plan or the Plan Documents, (c) any action or inaction taken in connection with either the enforcement of the Debtor's rights against any Entities or the defense of Claims asserted against the Debtor with regard to the Chapter 11 Case, (d) any action taken in the negotiation, formulation, development, proposal, disclosure, Confirmation or implementation of the Plan filed in this Chapter 11 Case, or (e) the administration of this Plan or the assets and property to be distributed pursuant to this Plan. The Debtor and the Reorganized Debtor may reasonably rely upon the opinions of their respective counsel, accountants and other experts or professionals and such reliance, if reasonable, shall conclusively establish good faith and the absence of willful misconduct; provided, however, that a determination that such reliance is unreasonable shall not, by itself, constitute a determination or finding of bad faith or willful misconduct.

# ARTICLE IX
## MISCELLANEOUS

9.1. *Effective Date.* The Effective Date shall occur upon the earliest date when all of the following conditions precedent are met:

(a) The Confirmation Order confirming this Plan shall have been entered and become a Final Order in form and substance reasonably satisfactory to the Debtor.

(b) Any material alteration or interpretation to any term or provision of this Plan by the Bankruptcy Court shall be reasonably acceptable to the Debtor.

(c) All other documents and agreements necessary to implement this Plan on the Effective Date shall have been executed and delivered and all other actions required to be taken in connection with the Effective Date shall have occurred.

9.2. *Waiver of Conditions*. Each of the conditions set forth in Section 9.1 of this Plan may be waived in whole or in part by the Debtor without any other notice to parties in interest or the Bankruptcy Court and without a hearing.

9.3. *Effect of Confirmation*. This Plan shall be binding upon and inure to the benefit of the Debtor, all present and former Holders of Claims and Interests, and their respective successors and assigns, including, but not limited to, the Debtor.

9.4. *Exemption from Certain Transfer Taxes*. In accordance with Section 1146(a) of the Bankruptcy Code, neither the issuance, transfer or exchange or the delivery of an instrument of transfer under or pursuant to this Plan shall be taxed under any law imposing a stamp or similar tax. The Confirmation Order shall direct all governmental officials and agents to forego the assessment and collection of any such tax.

9.5. *Amendment or Modification of the Plan*. Subject to section 1127 of the Bankruptcy Code and, to the extent applicable, sections 1122, 1123 and 1125 of the Bankruptcy Code, the Debtor may alter, amend or modify this Plan at any time prior to or after the Confirmation Date but prior to the substantial consummation of this Plan. A Holder of a Claim that has accepted (or is deemed to have accepted) this Plan shall be deemed to have accepted the Plan, as altered, amended or modified if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such Holder.

9.6. *Severability of Plan Provisions.* If, prior to the Confirmation Date, any term or provision of this Plan is determined by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court will have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision will then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan will remain in full force and effect and will in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order will constitute a judicial determination and will provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

9.7. *Successors and Assigns*. This Plan shall be binding upon and inure to the benefit of the Debtor and his respective successors and assigns. The rights, benefits and obligations of any Person named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Person.

9.8. *Revocation, Withdrawal, or Non-Consummation.* The Debtor reserves the right to revoke or withdraw this Plan prior to the Confirmation Date and to file subsequent plans of reorganization. If the Debtor revokes or withdraw this Plan, or if confirmation or consummation does not occur, then (a) this Plan shall be null and void in all respects, (b) any settlement or compromise embodied in this Plan (including the fixing or limiting to an amount certain any Claim or Interest or Class of Claims or Interests), assumption or rejection of executory contracts or leases affected by this Plan, and any

document or agreement executed pursuant to this Plan shall be deemed null and void, and (c) nothing contained in this Plan shall (i) constitute a waiver or release of any Claims by or against such Debtor or any other Person, (ii) prejudice in any manner the rights of such Debtor or any other Person, or (iii) constitute an admission of any sort by the Debtor or any other Person.

9.9. *Notice*. All notices, requests, and demands to or upon the Debtor to be effective shall be in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile or email transmission, when received and telephonically confirmed, addressed as follows:

If to the Debtor:

Michael K. Herron
1276 W. Tacoma St.
Hernando, FL 34442-3237

with a copy to:

ROBLETO KURUCE, PLLC
6101 Penn Ave., Ste. 201
Pittsburgh, PA 15206

Facsimile: (412) 346-1035
Email: apr@robletolaw.com

9.10. *Governing Law.* Except to the extent that the Bankruptcy Code, the Bankruptcy Rules or other federal law is applicable, or to the extent that an exhibit or schedule to this Plan provides otherwise, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of Commonwealth of Pennsylvania, without giving effect to the principles of conflicts of law of such jurisdiction.

Dated: May 26, 2020

Respectfully submitted,

 /s/ Michael K. Herron
Michael K. Herron,
*the Debtor in Possession*

-and-

 /s/ Aurelius Robleto
Aurelius Robleto
PA ID No. 94633
Renée M. Kuruce
PA ID No. 314691
ROBLETO KURUCE, PLLC
6101 Penn Ave., Ste. 201
Pittsburgh, PA 15206
Tel: (412) 925-8194
Fax: (412) 346-1035
apr@robletolaw.com
rmk@robletolaw.com

*Debtor's Attorneys*