IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| MICHAEL K. HERRON, | : | No. 19-24527-TPA |
| | : | |
| Debtor. | : | Chapter 11 |
| | : | |
| MICHAEL K. HERRON, | : | |
| | : | |
| Movant, | : | Related to Doc. 181 |
| | : | |
| vs. | : | |
| | : | |
| WELLS FARGO BANK, N.A. and UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondents. | : | |

**LIMITED OBJECTION BY THE COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA DEPARTMENT OF REVENUE TO THE DEBTOR'S MOTION TO SELL PROPERTY FREE AND DIVESTED OF LIENS PURSUANT TO 11 U.S.C. § 363(b)**

AND NOW, comes the Commonwealth of Pennsylvania, Office of Attorney General, by its undersigned counsel, on behalf of the Pennsylvania Department of Revenue, and makes the following statement in support of its *Limited Objection to the Motion to Sell Property Free and Divested of Liens Pursuant to 11 U.S.C. § 363(b)*.

1. The Pennsylvania Department of Revenue (hereinafter Revenue) is a party in interest, having asserted a claim for pre-petition taxes.

2. The Debtor's *Motion to Sell Property Free and Divested of Liens Pursuant to 11 U.S.C. § 363(b)* and accompanying proposed Order filed at Doc. No. 181 propose to exempt the sale of real property from "any law imposing a stamp tax or similar tax" pursuant to 11 U.S.C. § 1146(a).

3. Under Pennsylvania's Tax Reform Code of 1971 [72 PA. STAT. §§ 7101 et seq.], a "person" who "makes, executes, delivers, accepts or presents" a "document" "for recording" must ordinarily pay a state realty transfer tax. 72 PA. STAT. §

    8102-C. The term "document" is defined broadly enough to include "[a]ny deed, instrument or writing which conveys, transfers, devises, vests, confirms or evidences any transfer or devise of title to real estate in this Commonwealth[.]" 72 PA. STAT. § 8101-C.

4. Pursuant to § 1146(a), "the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under a plan <u>confirmed</u> under section 1129 or 1191 of this title, may not be taxed under any law imposing a stamp tax or similar tax." (emphasis added).

5. In *Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 52-53 (2008), the Supreme Court held that "[§] 1146(a) affords a stamp-tax exemption only to transfers made pursuant to a Chapter 11 plan that has been <u>confirmed</u>." (emphasis added). The Supreme Court explained that § 1146(a)'s exemption from state taxation should be narrowly construed, and that any ambiguities in the statutory language should be "resolved in [the state's] favor." *Piccadilly Cafeterias, Inc.*, 554 U.S. at 41, 50.

6. The holding in *Piccadilly Cafeterias, Inc.*, precludes the application of § 1146(a) to transfers of assets occurring <u>before the confirmation</u> of a Chapter 11 plan. *Id*. at 53.

7. Revenue has no objection to the sale itself; however, the sale is subject to state realty transfer tax pursuant to 72 PA. STAT. § 8102-C. The Pennsylvania transfer tax cannot be exempted under § 1146(a) because the Debtor's plan has not yet been confirmed.

    **WHEREFORE**, the Commonwealth of Pennsylvania, Department of Revenue, respectfully requests that the language exempting the sale of real property from "stamp tax[es] or similar tax[es]" pursuant to 11 U.S.C. § 1146(a) be stricken from the Sale Order.

    Respectfully submitted,

    JOSH SHAPIRO
    ATTORNEY GENERAL

Date: October 20, 2020                    By:    /s/ Lauren A. Michaels
                                                 Lauren A. Michaels
                                                 Deputy Attorney General
                                                 Pennsylvania Office of Attorney General
                                                 Counsel to Pennsylvania
                                                 Department of Revenue
                                                 1251 Waterfront Place
                                                 Mezzanine Level
                                                 Pittsburgh, PA 15222
                                                 Phone #:  412-235-9072
                                                 PA I.D. # 320686
                                                 Email: LMichaels@attorneygeneral.gov