**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br>MICHAEL K. HERRON,<br>Debtor. | Bankr. No. 19-24527-TPA<br>Chapter 11<br>Related to Doc. Nos. 265-66<br>Doc. No. 267 |

**SECOND AMENDED**
**CHAPTER 11 PLAN SUMMARY – SECOND AMENDED CHAPTER 11 PLAN**

Michael K. Herron (the "*Debtor*"), a debtor-in-possession in case under chapter 11 of the United States Bankruptcy Code, has proposed a Second Amended Plan of Reorganization, dated December 15, 2020 (the "*Plan*"). This Chapter 11 Plan Summary contains a concise description of (i) the provisions of the Plan; (ii) any releases that would be granted to parties other than the Debtor under the Plan and any consideration provided in return; and (iii) any liens to be avoided under the Plan.

***Events Leading to the Filing of the Debtor's Bankruptcy***. The Debtor determined to reorganize under chapter 11 because of financial distress resulting from (i) a drastic and prolonged reduction in income caused by his active-duty service as a naval reservist; (ii) the insolvency of a prior employer of the Debtor; and (iii) inaccurate tax advice, which resulted in an extraordinary tax liability.

***Description of Plan Provisions***. The Debtor's Plan provides for the following payments to creditors:

(i) ***Mortgage Lien Claims – Current Accounts Held Directly*** **(Class 1)**. Allowed claims in this class shall be paid regular monthly debt service payments in accordance with existing contractual terms. However, the Debtor may also sell property securing claims in this class, in which case, such secured claims would be fully paid from the proceeds of sale.

(ii) ***Mortgage Lien Claims – Current Accounts Held Indirectly*** **(Class 2)**. Allowed claims in this class shall be paid regular monthly debt service payments in accordance with existing contractual terms.

(iii) ***Mortgage Lien Claims – Undersecured*** **(Class 3)**. The Debtor will ask the Bankruptcy Court to determine the value of the collateral securing allowed claims in this Class, then bifurcate each claim into secured and unsecured components. Until such time as the Bankruptcy Court adjudicates the secured status of claims in this Class, the Debtor will pay the regular monthly debt service that would have been due in the absence of any default. After the Bankruptcy Court determines the secured status, the Debtor will pay the secured portion of claims

in this class according to existing contractual terms, recalculated to repay only the newly determined secured portion of the claim.

(iv) **_Mortgage Lien Claims – Delinquent on the Petition Date_ (Class 4)**. Allowed claims in this class shall be paid regular monthly debt service payments in accordance with existing contractual terms. The Debtor will pay the delinquent portion of claims in this class within 60 months, through equal monthly payments. Provided, however, that the Debtor may also sell property securing claims in this class, in which case, such secured claims would be fully paid from the proceeds of sale.

(v) **_Mortgage Lien Claim – Debtor Holds No Interest_ (Class 5)**. The Debtor will seek approval of a settlement pursuant to which he would agree to a mutual release of claims with the Holder of the Claim, receive a lump sum payment of $4,000 from the Holder of the Claim, and surrender any interest in property securing claims in this class in full satisfaction of such Claim.

(vi) **_Secured Tax Claims_ (Class 6)**. The Debtor will fully pay the secured portion of claims in this class within five years, with such interest as required under the law. The Debtor will ask the Bankruptcy Court to determine the value of the collateral securing allowed claims in this Class, then bifurcate each claim into secured and unsecured components. The Debtor will also seek a determination of the dischargeability of claims in this class. Until the Debtor's challenges are adjudicated, the Debtor's payments shall be computed from the amount stated in the proof of claim.

(vii) **_Non-Tax Priority Claims_ (Class 7)**. The Debtor will fully pay the holders of claims in this class within five years.

(viii) **_General Unsecured Claims_ (Class 8)**. Allowed claims in this class will receive a pro-rata distribution from a fund of $10,000.00.

(ix) **_Administrative Expense Claims and Statutory Fees_**. Administrative Expense claims will be paid in full on the later of (i) the Effective Date of the Plan, or (ii) the last date on which they are due and may be timely paid.

(x) **_Priority Tax Claims_**. The Debtor will pay priority tax claims within 60 months.

**_Description of Releases_**. The Debtor will seek a discharge pursuant to 11 U.S.C. § 1141(d).

Dated: December 15, 2020                                     Respectfully submitted,

                                                             /s/ Aurelius Robleto
                                                             Aurelius Robleto
                                                             PA ID No. 94633
                                                             ROBLETO KURUCE, PLLC
                                                             6101 Penn Ave., Ste. 201
                                                             Pittsburgh, PA 15206
                                                             Tel: (412) 925-8194
                                                             Fax: (412) 346-1035
                                                             apr@robletolaw.com