IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| MICHAEL K. HERRON, | : | No. 19-24527-TPA |
| | : | |
| Debtor. | : | Chapter 11 |
| | : | |
| MICHAEL K. HERRON, | : | |
| | : | |
| Movant, | : | Related to Doc. 255 |
| | : | |
| vs. | : | Doc. No. |
| | : | |
| BANK OF AMERICA, N.A., CHERON SHELTON and CHANNEL FALLS, | : | |
| | : | |
| Respondents. | : | |

**LIMITED OBJECTION BY THE COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA DEPARTMENT OF REVENUE TO THE DEBTOR'S MOTION FOR ENTRY OF CORRECTIVE ORDERS OF SALE**

AND NOW, comes the Commonwealth of Pennsylvania, Office of Attorney General, by its undersigned counsel, on behalf of the Pennsylvania Department of Revenue, and makes the following statement in support of its *Limited Objection to the Debtor's Motion for Entry of Corrective Orders of Sale*.

1. The Pennsylvania Department of Revenue (hereinafter Revenue) is a party in interest, having asserted a claim for pre-petition taxes.

2. On October 29, 2020, this Court held hearings on the Debtor's *Motion For Sale of Property under Section 363(b) for 340 Roup Avenue, Pittsburgh PA 15232* (Doc. 181) and *Motion For Sale of Property under Section 363(b) for 3700 Orpwood Street, Pittsburgh, PA 15213* (Doc. 184).

3. During the aforementioned hearings, the Court sustained Revenue's Limited Objections, filed at Doc. Nos. 206 and 207, and ruled that the proposed sales were not exempted from Pennsylvania transfer tax under 11 U.S.C. § 1146(a).

4. Two Orders granting the Motions for sale were entered on November 3, 2020 at Doc. Nos. 232 and 233. The Debtor's proposed language exempting the sale from "any law imposing a stamp tax or similar tax" was stricken from the final Orders, per the Court's ruling.

5. The Proposed Corrective Sales Orders, filed as Exhibit A and Exhibit B to Debtor's *Motion for Corrective Orders of Sale*, include the following language previously stricken by the Court: "It is FURTHER ORDERED, that, pursuant to 11 U.S.C. § 1146(a), the sale authorized by this Order shall not be taxed under any law imposing a stamp tax or similar tax."

6. The sales are not eligible for exemption from Pennsylvania's transfer tax because the sales took place prior to plan confirmation, as evidenced by the *Reports of Sale* filed on December 15, 2020 at Doc. No. 262 and 263.

7. Pursuant to § 1146(a), "the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under a plan confirmed under section 1129 or 1191 of this title, may not be taxed under any law imposing a stamp tax or similar tax." (emphasis added).

8. It appears from the Exhibits to the Reports of Sale that transfer taxes likely were paid, however Revenue is requesting that the corrective sale orders once again strike the exemption language to avoid confusion.

9. Revenue is therefore requesting that the Proposed Corrective Orders are entered, with the following language stricken from the Orders: "It is FURTHER ORDERED, that, pursuant to 11 U.S.C. § 1146(a), the sale authorized by this Order shall not be taxed under any law imposing a stamp tax or similar tax."

**WHEREFORE**, the Commonwealth of Pennsylvania, Department of Revenue, respectfully requests that the language exempting the sale of real property from "stamp tax[es] or similar tax[es]" pursuant to 11 U.S.C. § 1146(a) be stricken from the Corrective Sale Orders.

Respectfully submitted,

JOSH SHAPIRO
ATTORNEY GENERAL

|  |  |  |
|---|---|---|
| Date: December 24, 2020 | By: | /s/ Lauren A. Michaels |
|  |  | Lauren A. Michaels |
|  |  | Deputy Attorney General |
|  |  | Pennsylvania Office of Attorney General |
|  |  | Counsel to Pennsylvania |
|  |  | Department of Revenue |
|  |  | 1251 Waterfront Place |
|  |  | Mezzanine Level |
|  |  | Pittsburgh, PA 15222 |
|  |  | Phone #: 412-235-9072 |
|  |  | PA I.D. # 320686 |
|  |  | Email: LMichaels@attorneygeneral.gov |