# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>MICHAEL K. HERRON,<br>      Debtor in Possession.<br>------------------------------------<br>MICHAEL K. HERRON,<br>     v.<br>BANK OF AMERICA, N.A., CHERON SHELTON and CHANNEL FALLS. | Bankr. No. 19-24527-TPA<br><br>Chapter 11<br><br>Doc. No. |

### MOTION OF THE DEBTOR IN POSSESSION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019, AUTHORIZING AND APPROVING A COMPROMISE AND SETTLEMENT OF THE CLAIM OF BANK OF AMERICA, N.A. RELATED TO THE DEBTOR'S INTEREST IN THE REAL PROPERTY LOCATED IN PITTSBURGH, PENNSYLVANIA AT 7167 ROSS GARDEN ROAD

Debtor in Possession, Michael K. Herron (the "*Debtor*"), by and through his undersigned counsel, seeks entry of an order, substantially in the form attached hereto, approving a proposed compromise and settlement by and between the Debtor and Bank of America, N.A. ("*BofA*"), and authorizing entry into the Settlement Agreement and Release ("*Settlement Agreement*"), attached hereto as *Exhibit A* in connection therewith, and respectfully represents as follows:

### Jurisdiction and Venue

1.    This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

## Background

3. On or about June 23, 2016, BofA commenced a foreclosure action against the Debtor and two other defendants, Cheron Shelton and Channel Falls (together, the "*Codefendants*") in the Court of Common Pleas of Allegheny County, Pennsylvania at case number MG-16-000882 (the "*Litigation*"). A true and correct copy of BofA's Complaint is attached here to as Exhibit B.

4. Through its Complaint, BofA alleged that the Debtor granted a mortgage in favor of it on October 5, 2005 (the "*Mortgage*"), secured by the Debtor's interest in the property located at 7167 Ross Garden Road in Pittsburgh, Pennsylvania and described in greater particularity in the first exhibit to its Complaint (the "*Property*"). *Exh. B*, pp. 7, 13.

5. BofA further alleged that the Debtor transferred the property to his Codefendants by entry of a deed recorded on January 19, 2010, but that the Mortgage remained unsatisfied. *Id.* at 7. According to BofA, at the time of the filing of its Complaint, $70,162.78 the Debtor owed $70,162.78 under a note secured by the Mortgage. *Id.* at 8.

6. On or about December 28, 2017, the Debtor filed his Answer, New Matter and Counterclaim, asserting claims against BofA under (i) the Servicemembers Civil Relief Act, 50 U.S.C. Appx. §§ 501, *et seq.*; (ii) the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*; and (iii) Pennsylvania's Mortgage Satisfaction Act, 21 P.S. §§ 721-1, *et seq.* A copy of the Debtor's Answer, New Matter and Counterclaim is attached hereto as *Exhibit C*.

7. The Debtor contends that he transferred the Property to his Codefendants (who are not insiders of the Debtor) in an arm's length transaction, and that BofA's mortgage had been paid in full at the time of closing, on or before December 14, 2009. *Exh. C*, p. 10.

8. On January 17, 2020, BofA submitted its proof of claim against the Debtor relating to its Mortgage on the Property, in the amount of $82,056.61. *Claim No.* 6-1.

9. Prior to the filing of Debtor's petition, he Debtor and BofA agreed to settle their dispute..

10. It is still Debtor and BofA's intention to settle their dispute according to the terms more fully described below subject to approval of this Court.

### Proposed Settlement

11. As described in further detail in the Settlement Agreement, BofA and the Debtor propose a mutual release of claims against one another in the Litigation and relating to BofA's Mortgage. *Exh. A*.

12. The parties to the Settlement Agreement would make no admission of liability. *Id.*

13. The Debtor's Codefendants have agreed to make a payment to BofA. *Id.* at 2.

14. Under the Settlement Agreement, BofA would make a single payment in the amount of $4,000.00 to the Debtor. *Id.* If approved, that payment would be made to the Debtor's counsel and held in trust, pending further order of this Court.

### Motion

15. The Debtor and BofA seek approval of the Settlement Agreement under Bankruptcy Rule 9019. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." *Fed. R. Bankr. P. 9019*. The Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." *Myers v. Martin (In Re Martin),* 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)); see also *In re World Health Alts., Inc.,* 344 B.R. 291, 296 (Bankr. D. Del. 2006) (finding settlements "generally favored in bankruptcy"). The approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. See, e.g. *In re: Washington Mut., Inc.* 442 B.R. 314,

327 (Bankr. D. Del. 2011); *In re Coram Healthcare Corp.*, 315 B.R. 321, 329 (Bankr. D. Del. 2004)

16. Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether the "compromise is fair, reasonable, and in the interest of the estate." *In re Marvel Entm't Grp., Inc.,* 222 B.R. 243, 249 (D. Del. 1998) (quoting *In re Louise's, Inc.,* 211 B.R. 798, 801 (D. Del. 1997)); see also *In re Capmark Fin. Grp., Inc.,* 438 B.R. 471, 514-515 (Bankr. D. Del. 2010). Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968). The court need not be convinced that the settlement is the best possible compromise in order to approve it. *Washington Mut.,* 442 B.R. at 328; *Coram Healthcare*, 315 B.R. at 330. Rather, the court's obligation is to "canvas the issues to determine whether the settlement falls above the lowest point in the range of reasonableness." *Capmark Fin. Grp.,* 438 B.R. at 515; see also *In re Aleris Int'l, Inc.,* No. 09-10478 (BLS) 2010 WL 3492664, at *19 (Bankr. D. Del. May 13, 2010).

17. The Third Circuit has set forth four (4) criteria for a bankruptcy court to consider when evaluating a settlement proposal: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Martin,* 91 F.3d at 393 (citing *In re Neshaminy Office Bldg. Assocs.,* 62 B.R. 798, 803 (E.D. Pa. 1986)); see also *Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002); *In re W.R. Grace & Co.*, 475 B.R. 34, 77-78 (Bankr. D. Del. 2012); *In re eToys, Inc.*, 331 B.R. 176, 198 (Bankr. D. Del. 2005).

18. The Debtor respectfully submits that the Settlement Agreement meets the

requirements of Bankruptcy Rule 9019 and the criteria set forth in *In Re Martin*. The Debtor has analyzed the merits of the parties' arguments in the Litigation and determined that continued litigation would be costly for all parties. Absent the resolution afforded by the Settlement Agreement, BofA and the Codefendants may be unable to resolve the Litigation and the Debtor could be required to continue the Litigation before this Court, which would seriously impact his ability to reorganize and fund his proposed plan of reorganization.

19. The *Martin* test requires that the parties consider the expense, inconvenience and delay surrounding trial. From the Debtor's perspective, he has not owned the Property for more than a decade, and his Codefendants should be enabled to resolve their controversy with BofA. While the Debtor believes in the viability of his claims against BofA, in consultation with his counsel, he has determined that the expense of continuing the Litigation, along with the risk of adverse result that is present in all litigation, make entering into the Settlement Agreement the most prudent course of action.

20. In order to secure the benefits of the proposed Settlement Agreement while avoiding the cost and uncertainty of litigation, the Debtor and BofA, therefore, seek approval of the settlement. The Settlement Agreement is the product of arm's length negotiations between the Debtor and BofA, and its terms are fair, and reasonable.

21. It would be in the best interest of the Debtor, the Debtor's estate and his creditors for the controversy with BofA to be resolved in accordance with the terms of the Settlement Agreement. Accordingly, the Debtor and BofA respectfully request that this Court approve the Settlement Agreement.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting such other further relief as may be just, proper and equitable.

Dated:  January 15, 2021 Respectfully submitted,

 /s/ Aurelius Robleto
Aurelius P. Robleto
PA ID No. 94633
ROBLETO KURUCE, PLLC
6101 Penn Ave., Ste. 201
Pittsburgh, PA 15206
Tel:     (412) 925-8194
Fax:    (412) 346-1035
apr@robletolaw.com

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>MICHAEL K. HERRON,<br>       Debtor in Possession.<br><br>-----------------------------------<br><br>MICHAEL K. HERRON,<br>   v.<br><br>BANK OF AMERICA, N.A., CHERON SHELTON and CHANNEL FALLS. | Bankr. No. 19-24527-TPA<br><br>Chapter 11<br><br>Related to Doc. No. 284<br><br>Doc. No. |

**ORDER AUTHORIZING AND APPROVING THE PROPOSED SETTLEMENT BETWEEN THE DEBTOR IN POSSESSION AND BANK OF AMERICA, N.A. RELATED TO THE DEBTOR'S INTEREST IN THE REAL PROPERTY LOCATED IN PITTSBURGH, PENNSYLVANIA AT 7167 ROSS GARDEN ROAD**

Upon the motion (the "*Motion*") of debtor in possession, Michael K. Herron (the "*Debtor*"), seeking entry of an order approving a proposed compromise and settlement (the "Settlement") by and among the Debtor and Bank of America, N.A. (the "*BofA*"), and authorizing entry into the Settlement Agreement and Release ("*Settlement Agreement*"), all as further described in the Motion, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon the record of all proceedings had before the Court; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and all other parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due and deliberate and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to Federal Rule of Bankruptcy Procedure 9019, the terms and conditions of the Settlement as expressed in the Motion and Settlement Agreement are approved and the Debtor is authorized to enter into the Settlement Agreement in accordance with such terms and conditions. The Court finds and determines that the proposed compromise and resolution embodied in the Settlement Agreement and incorporated herein by this reference are fair, reasonable and appropriate.

3. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the terms of this Order shall be immediately effective and enforceable upon its entry.

4. Nothing in this Order constitutes an admission or concession of any legal issue raised in or relating to the Motion or the Settlement.

5. Movant shall serve a copy of this Order on counsel for BofA, respondent(s), their counsel, and the United States Trustee. Movant shall file a certificate of service within three days of the date of entry of this Order.

6. The Court shall retain jurisdiction over the interpretation and enforcement of this Order.

ENTERED:

                                                  THOMAS P. AGRESTI,
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>MICHAEL K. HERRON,<br><br>      Debtor in Possession.<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br><br>MICHAEL K. HERRON,<br><br>      v.<br><br>BANK OF AMERICA, N.A., CHERON SHELTON and CHANNEL FALLS. | Bankr. No. 19-24527-TPA<br><br>Chapter 11<br><br>Doc. No.<br><br>Response Deadline: January 16, 2021<br><br>Hearing Date and Time:<br>    January 28, 2021 at 11:30 a.m. |

**NOTICE OF ZOOM HEARING AND RESPONSE DEADLINE REGARDING MOTION OF DEBTOR TO COMPROMISE CLAIM OF BANK OF AMERICA, N.A.**

*You are hereby notified that the Movant seeks an order affecting your rights or property.*

You are further instructed to file with the Clerk and serve upon the undersigned attorney for Movant a response to the Motion by no later than January 16, 2021 [seventeen (17) days after the date of service below], in accordance with the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, and the general procedures of Judge Agresti as found on his Procedures webpage at http://www.pawb.uscourts.gov/procedures. If you fail to timely file and serve a written response, an order granting the relief requested in the Motion may be entered and the hearing may not be held. Please refer to the calendar posted on the Court's webpage to verify if a default order was signed or if the hearing will go forward as scheduled.

*You should take this Notice and the Motion to a lawyer at once.*

*A Zoom Video Conference Hearing* will be held on January 28, 2021 at 11:30 a.m. before Judge Thomas P. Agresti via the *Zoom Video Conference Application* ("Zoom"). To participate in and join a Zoom Hearing please initiate and use the following link at least 15 minutes prior to the scheduled Zoom Hearing time: https://www.zoomgov.com/j/16021303488, or alternatively, you may use the following: Meeting ID: 160 2130 3488. For questions regarding the connection, contact Judge Agresti's Staff Lawyer, Atty. Courtney Neer, at 814-464-9781. *All attorneys and Parties may only appear by Zoom* and must comply with Judge Agresti's *Amended Notice of Temporary Modification of Appearance Procedures*, dated and effective June 10, 2020, which can be found on the Court's website at https://www.pawb.uscourts.gov/sites/default/files/pdfs/tpa-proc-appearances.pdf. Under the current COVID-19 circumstances, the general public may appear telephonically if unable to do so via the Internet. When the need to appear telephonically arises members of the general public should immediately contact Staff Attorney Courtney Neer to make telephonic arrangements. Only ten minutes is being provided on the calendar. No witnesses will be heard. If an evidentiary hearing is required, it will be scheduled by the Court for a later date.

Date of Service: December 30, 2020

                                                     /s/ Aurelius Robleto
                                                Aurelius P. Robleto
                                                PA ID No. 94633
                                                ROBLETO KURUCE, PLLC
                                                6101 Penn Ave., Ste. 201
                                                Pittsburgh, PA 15206
                                                Tel:    (412) 925-8194
                                                Fax:    (412) 346-1035
                                                apr@robletolaw.com