# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA, <br><br> Appellant, <br><br> v. <br><br> MICHAEL K. HERRON, <br><br> Appellee. | No. 2:21-cv-1434-RJC <br><br> Judge Robert J. Colville |
| --------------------------------------------------------- | |
| MICHAEL K. HERRON, <br><br> Appellant, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA, <br><br> Appellee. | No. 2:21-cv-1435-RJC <br><br> Judge Robert J. Colville |

### MOTION TO RECONSIDER AND TO AMEND OPINION, ORDER, AND JUDGMENT, ENTERED FEBRUARY 9, 2024

Appellant and Appellee, [1] Michael K. Herron (the "***Debtor***"), by and through his undersigned counsel, hereby submits this Motion to Reconsider and to Amend the Opinion, Order, and Judgment, entered on February 9, 2024, as follows:

### Specific Relief Sought

1. This Court presided over the cross appeals from a Bankruptcy Court decision in an adversary proceeding between the Plaintiff, Debtor and the Defendant, Internal Revenue Service, United States of America ("***IRS***").

---

[1] As reflected in the caption above, Dr. Herron is an appellant in appeal no. 2:21-cv-1435-RJC, and he is an appellee in appeal no. 2:21-cv-1434-RJC.

2.      On February 9, 2024, this Court decided those cross appeals, issuing its Memorandum Opinion, Order, and Judgment (collectively, the "**Decision**"). Substantially identical versions of the Decision were simultaneously entered on the dockets of both appeals.

3.      For the reasons articulated in his supporting Brief, the Debtor respectfully requests that this Court reconsider and amend its Decision.

4.      First, the Debtor requests reconsideration and amendment of the Decision to reflect a correct determination that the claims of the IRS against the Debtor for federal income tax for the 2004-08 tax years are no longer collectable.

5.      Second, the Debtor requests reconsideration and amendment of the Decision to reflect a correct determination that the evidence presented to the Bankruptcy Court could not support a ruling that the Debtor willfully attempted in any manner to evade or defeat his federal income tax obligations and, therefore, is not entitled to have them discharged.

6.      Third, the Debtor requests reconsideration and amendment of the Decision to reflect a correct determination that the Bankruptcy Court accurately determined the extent of any lien of the IRS in the Debtor's real properties at (i) 1132 SE Kings Bay Drive, Crystal River, Florida; and (ii) 731 Rosedale, Annapolis, Maryland, but that the Bankruptcy Court *incorrectly* determined the extent of that lien in the Debtor's real properties at (iii) 155 Chesterfield, Pittsburgh, Pennsylvania; (iv) 237 Chesterfield, Pittsburgh, Pennsylvania; and (v) 145 Chesterfield, Pittsburgh, Pennsylvania.

7.      Fourth, the Debtor requests reconsideration and amendment of the ruling that the Debtor cannot challenge the timeliness of any tax assessments before this Court.

**Factual and Legal Grounds**

8.     This Motion is governed by Federal Rules of Civil Procedure 59 and 60, as applied to this proceeding under Federal Rules of Bankruptcy Procedure 9023 and 9024.

9.     A notice of appeal from the Decision would be timely if entered within 14 days. *In re Caterbone*, 640 F.3d 108, 111 (3d Cir. 2011) ("[Bankruptcy] appeals 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.'") *citing* 28 U.S.C. § 158.

10.    However, a new 14-day period for the parties to appeal from the Decision will run from the date of entry of an Order disposing of this Motion. Fed. R. Bankr. P. 8002(b)(1).

    **A.**    *Non-Collectability.*

11.    While this Court affirmed the decision of the Bankruptcy Court that none of the collection periods for the federal income tax claims against the Debtor had expired, it arrived at that conclusion through different reasoning.[2]

12.    The Bankruptcy Court found that a "supplemental assessment" operates to restart the applicable 10-year period of limitations upon collection, and that the IRS was free to make a supplemental assessment if it holds a basis to believe that a prior assessment is imperfect or incomplete in any material aspect. *Bankr. Mem. Op.*, pp. 13-14.

13.    In contrast, this Court determined that the collections periods had not expired for the Debtor's federal income tax obligations stemming from the 2004-07 tax years since "the time during which the IRS may assess taxes that are owed due to a refund following an erroneous

---

[2] The Debtor does not question the power of this Court to affirm a decision of the Bankruptcy Court for reasons other than those relied upon below. *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 260 (3d Cir. 2017) ("[I]t is well established that we are free to affirm the judgment of the district court on any basis which finds support in the record") *quoting Bernitsky v. United States*, 620 F.2d 948, 950 (3d Cir. 1980).

3

carryback application is measured form the year in which the person filed the return applying for the carryback, and not from the year to which the carryback offset is applied." *Op.*, p. 8.

14. Moreover, this Court further determined that if the IRS issues a statutory notice of deficiency, the period for assessment would be extended for 90 days to permit the taxpayer to exercise its legal rights (or longer if the taxpayer seeks recourse in Tax Court), and for an additional 60 days thereafter. *Op.*, pp. 8-10; 26 U.S.C. §§ 6503(a)(1); 6212(c)(1).

15. Upon that reasoning, this Court determined that the 2013 IRS assessment of the Debtor's taxes for 2004-2007 was permitted "because it, or at least the notice of deficiency, occurred within the extended period for assessing deficiencies attributable to a carryback provided by section 6501(h)." *Op.*, p. 9.

16. Furthermore, the Court appears to have linked the relevant assessment period for taxes resulting from loss carryback claims to the "year in which the person filed the return applying the carryback." *Op.*, p. 8. In fact, section 6501(h) imposes an assessment period for tax deficiencies in prior tax periods that are caused by carryback loss claims that is coterminous with the period to assess a tax for the year in which the loss was incurred. 26 U.S.C. § 6501(h) ("…may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss or net capital loss which results in such carryback may be assessed…").

17. However, the Bankruptcy Court's decision did not provide the requisite factual basis for this Court's conclusion that the IRS timely assessed the Debtor's taxes in 2013 for the tax periods of 2004-2007. Nor is there a basis in the appellate record sufficient to support that conclusion.

4

18.     For that reason, this Court should reverse the decision of the Bankruptcy Court determining that the tax claims for the 2004-2007 tax periods remain collectable, and remand the issue back to the Bankruptcy Court with instructions for further proceedings in accordance with the guidance of this Court.

    **B.**     *Dischargeability.*

19.     Relying on the Bankruptcy Court's decision, this Court found that a "burden-shifting regime" required the Debtor to "produce competent evidence of his good faith" to avoid a determination of nondischargeability under 11 U.S.C. § 523(a)(1)(C).  *Op.*, p. 24 *citing Bankr. Op.*, p. 24 ("collecting cases").

20.     "At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection."  Fed. R. Bankr. P. 4005.  Here, the IRS was the proponent of the objection, and it bore the burden of proof.

21.     For its claim of nondischargeability, the burdens of proof, production, and persuasion remained, **at all times**, with the IRS—and the IRS did not meet those burdens in this case. *Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1120 (3d Cir. 1995) (emphasis added).

22.     None of the cases in the Bankruptcy Court's collection [*Bankr. Op.*, p. 24] support the conclusion that a burden shifted to the Debtor to disprove the defense of the IRS that the Debtor's request to discharge certain tax claims should be subject to an exception to discharge under 11 U.S.C. § 523(a)(1)(C).

23.     This Court should reconsider and amend its Decision to avoid the Bankruptcy Court's error of drawing adverse inferences against the Debtor from the IRS's misleading presentation of circumstances, without any actual evidence that the Debtor willfully attempted in any manner to evade or defeat any tax.

      C.      *Limitation of Particular Lien Claims.*

24. In its analysis of the Bankruptcy Court's adjudication of Counts X and XI, this Court correctly described the applicable jurisprudence permitting the avoidance of liens on real property in a case under chapter 11. *Op.*, pp. 16-21.

25. This Court further observed that the lien of the IRS is "secured, not by a single asset or even a single class of assets, but by the total value of all the debtor's assets." *Op.*, p. 22.

26. Based on that observation, this Court found that the Bankruptcy Court improperly stripped the lien of the IRS since its "opinion includes no mention of personal property." *Op.*, p. 22.

27. Each of the five surviving counts for lien avoidance (the others had been made moot by court-approved sales under 11 U.S.C. § 363) pertained *only* to the avoidance or limitation of the lien of the IRS upon particular parcels of real property.

28. Thus, it is no accident that the Bankruptcy Court's decision did not address the extent to which the lien might extend to personal property.

29. Respectfully, none of the provisions of the Debtor's confirmed chapter 11 plan are within the appellate jurisdiction of this Court. For that reason, this Court prudently declined to address the concerns of the IRS concerning the confirmability of the Debtor's already-confirmed chapter 11 plan. *See Zardinovsky v. Arctic Glacier Income Fund (In re Arctic Glacier Int'l, Inc.)*, 901 F.3d 162, 166 (3d Cir. 2018).

      D.      *Challengeability of Timeliness of Assessments.*

30. This Court cited the Bankruptcy Court for its claim that the Debtor "did not challenge the timeliness of the IRS's assessments of taxes." *Op.*, p. 9.

6

31. Further, this Court ruled that the Debtor "abandoned the issue" of whether any particular assessment of the IRS had been untimely, writing:

> While Herron challenged the Bankruptcy Court's determination that the IRS's claims were timely in his opening brief, he did not respond to the government's arguments or otherwise maintain his challenge in his reply. *See generally* Appellant's Reply Br., No. 2:21-cv-1435-RJC (ECF No. 17) Accordingly, he abandoned this issue….

*Op.*, p. 10, n.2.

32. The Debtor has preserved his right to challenge this issue at all stages of litigation and during this appeal.

33. Consequently, this Court should reconsider and amend its Decision to reflect that the Debtor is entitled to challenge any contention of timeliness of assessment.

34. This Motion has not been discussed with all parties and the Debtor is unaware of the position of the IRS with respect to the relief sought herein.

WHEREFORE, counsel to the Debtor respectfully requests that this Court enter an order, substantially in the form attached hereto, granting reconsideration and amending its Decision.

Dated: February 23, 2024                    Respectfully submitted:

                                                 /s/ Aurelius Robleto
ROBLETO KURUCE, PLLC
Aurelius P. Robleto
PA ID No. 94633
6101 Penn Ave., Ste. 201
Pittsburgh, PA 15206
Tel: (412) 925-8194
Fax: (412) 346-1035
apr@robletolaw.com

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA, | |
| Appellant, | No. 2:21-cv-1434-RJC |
| v. | Judge Robert J. Colville |
| MICHAEL K. HERRON, | |
| Appellee. | |
| -------------------------------------------------------- | |
| MICHAEL K. HERRON, | |
| Appellant, | |
| v. | No. 2:21-cv-1435-RJC |
| INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA, | Judge Robert J. Colville |
| Appellee. | |

**CERTIFICATE OF SERVICE OF MOTION, PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9023 AND 9024, TO RECONSIDER AND TO AMEND JUDGMENT ORDER DATED, OCTOBER 5, 2021, AND BRIEF IN SUPPORT**

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on February 23, 2024.

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: electronic notification via the Court's ECF Notification System.

EXECUTED ON: February 23, 2024

                                              /s/ Aurelius Robleto
ROBLETO KURUCE, PLLC
Aurelius P. Robleto
PA ID No. 94633
6101 Penn Ave., Ste. 201
Pittsburgh, PA 15206
(t) (412) 925-8194;
(f) (412) 346-1035
apr@robletolaw.com

**2:21-cv-01435-RJC Notice has been electronically mailed to:**

Alexander R. Kalyniuk    akalyniuk@bkbfirm.com, James.J.Wilkinson@usdoj.gov, eastern.taxcivil@usdoj.gov

Aurelius P. Robleto    apr@robletolaw.com, apr@ecf.courtdrive.com, ecf_admin@robletolaw.com, rmk@robletolaw.com

Elisabeth Bruce    elisabeth.m.bruce@usdoj.gov, Eastern.Taxcivil@usdoj.gov, Thomas.P.Cole@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA,<br><br>    Appellant,<br><br>    v.<br><br>MICHAEL K. HERRON,<br><br>    Appellee. | No. 2:21-cv-1434-RJC<br><br>Judge Robert J. Colville |
| ---------------------------------------------------------- | |
| MICHAEL K. HERRON,<br><br>    Appellant,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA,<br><br>    Appellee. | No. 2:21-cv-1435-RJC<br><br>Judge Robert J. Colville |

### ORDER GRANTING MOTION TO RECONSIDER AND TO AMEND
### OPINION, ORDER, AND JUDGMENT, ENTERED FEBRUARY 9, 2024

Upon consideration of the Motion of Michael K. Herron to Reconsider and to Amend this February 9, 2024, Opinion, Order and Judgment of this Court (the "***Motion***"), and notice appearing appropriate and good cause appearing therefor, it is hereby

ORDERED that the Motion is GRANTED and this Court hereby RECONSIDERS and AMENDS its February 9, 2024, Opinion, Order and Judgment, as follows:

1. The October 5, 2021, decision of the Bankruptcy Court that the federal income tax claims of the Internal Revenue Service, United States of America ("***IRS***") against Michael K. Herron (the "***Debtor***") arising from the 2004-2007 tax years remains legally collectible is hereby REVERSED and remanded to the Bankruptcy Court, with

        instructions to conduct a factual analysis, consistent with this Court's Opinion, for each tax year from 2004-2007 to determine whether those obligations remain collectable.

2.     The October 5, 2021, decision of the Bankruptcy Court that the Debtor willfully attempted in any manner to evade or defeat all of his federal income tax obligations and, therefore, is not entitled to have them discharged is hereby REVERSED and remanded to the Bankruptcy Court for further proceedings.

3.     The October 5, 2021, decision of the Bankruptcy Court determining the extent of any lien of any IRS in the Debtor's real properties at (i) 1132 SE Kings Bay Drive, Crystal River, Florida; and (ii) 731 Rosedale, Annapolis, Maryland is hereby AFFIRMED and remanded to the Bankruptcy Court for further proceedings.

4.     The October 5, 2021, decision of the Bankruptcy Court determining the extent of any lien of any IRS in the Debtor's real properties at (i) 155 Chesterfield, Pittsburgh, Pennsylvania; (ii) 237 Chesterfield, Pittsburgh, Pennsylvania; and (iii) 145 Chesterfield, Pittsburgh, Pennsylvania is hereby REVERSED and remanded to the Bankruptcy Court with instructions for it to conduct an individuated analysis of the available value in each item of real property/collateral to which such lien could attach.

5.     The Debtor is not precluded from challenging any claim of the IRS that any of its purported assessments had been timely.

                                                          BY THE COURT:

                                                          ROBERT J. COLEVILLE,
                                                          United States District Judge

DATED:
cc: All counsel of record

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA, | |
| Appellant, | No. 2:21-cv-1434-RJC |
| v. | Judge Robert J. Colville |
| MICHAEL K. HERRON, | |
| Appellee. | |
| -------------------------------------------------- | |
| MICHAEL K. HERRON, | |
| Appellant, | No. 2:21-cv-1435-RJC |
| v. | Judge Robert J. Colville |
| INTERNAL REVENUE SERVICE, UNITED STATES OF AMERICA, | |
| Appellee. | |

**BRIEF IN SUPPORT OF MOTION, PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 9023 AND 9024, TO RECONSIDER AND TO AMEND JUDGMENT ORDER DATED, OCTOBER 5, 2021**

The Debtor[1] respectfully seeks reconsideration and amendment of this Court's Opinion, Order, and Judgment.

## **Background**

On November 21, 2019, the Debtor commenced a case under chapter 11 by filing a voluntary petition for relief under chapter 11 of Title 11 of the United States Code. On August 31, 2020, the Debtor commenced an adversary proceeding against the Internal Revenue Service, United States of America ("***IRS***").

---

[1] The "***Debtor***" refers to the Appellant and Appellee, Michael K. Herron. As reflected in the caption above, Dr. Herron is an appellant in appeal no. 2:21-cv-1435-RJC, and he is an appellee in appeal no. 2:21-cv-1434-RJC.

While that adversary case continued, on January 22, 2021, the Bankruptcy Court entered an Order confirming the Debtor's Second Amended Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code, Dated December 15, 2020 (the "***Plan***"). The Bankruptcy Court also approved the Debtor's motions to sell certain of his real properties, mooting Counts IV, V, and IX of the Amended Complaint, which sought determinations of the secured status of the IRS with respect the sold properties.

On October 5, 2021, following a trial and post-trial briefing, the United States Bankruptcy Court for the Western District of Pennsylvania (Agresti, J., ret.) entered its Judgment Order and Memorandum Opinion, (i) awarding judgment in favor of the Debtor on Counts VI, VII, VIII, X, and XI; (ii) awarding judgment in favor the IRS on Counts I, II,[2] and III; and (iii) determining Counts IV, V, and IX had become moot. *Doc. No.* 93.

On February 9, 2024, after the submission of briefs in the parties' cross appeals, this Court entered its Opinion, Order and Judgment (collectively, the "***Decision***"), affirming the Bankruptcy Court's determination that the IRS's claims remained collectable and would not be subject to any order of discharge, but reversing the decisions of the Bankruptcy Court avoiding the extent of the government's lien on upon five parcels of real property. The Debtor now submits this timely Motion to Reconsider this Court's October 5, 2021, Judgment Order and Memorandum Opinion.

## **Legal Basis**

This Motion is governed by Federal Rules of Civil Procedure 59 and 60, as applied to this proceeding under Federal Rules of Bankruptcy Procedure 9023 and 9024. A notice of appeal from the Decision would be timely if entered within 14 days. *In re Caterbone*, 640 F.3d 108, 111 (3d

---

[2] The Bankruptcy Court had previously dismissed Count II, based on its determination that the claim had become "moot in light of the fact that the Defendant is no longer asserting a secured claim against the Debtor for taxes from the years 2004 through 2007…" *Bankr. Doc. No.* 42, ¶ 1.

2

Cir. 2011) ("[Bankruptcy] appeals 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.'") *citing* 28 U.S.C. § 158. However, a new 14-day period for the parties to appeal from the Decision will run from the date of entry of an Order disposing of this Motion. Fed. R. Bankr. P. 8002(b)(1).

<u>Argument</u>

A. *The Claims of the IRS Arising from Tax Years 2004 Through 2007 Are No Longer Legally Collectable.*

This Court affirmed the decision of the Bankruptcy Court that none of the collection periods for the federal income tax claims against the Debtor had expired. The Bankruptcy Court had ruled expansively that a "supplemental assessment" operates to restart the applicable 10-year period of limitations upon collection, and that the IRS was free to make a supplemental assessment if it holds a basis to believe that a prior assessment is imperfect or incomplete in any material aspect. *Bankr. Mem. Op.*, pp. 13-14.

In affirming that decision, this Court arrived at its conclusion for a different reason (as is its judicial prerogative). *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 260 (3d Cir. 2017) ("[I]t is well established that we are free to affirm the judgment of the district court on any basis which finds support in the record") *quoting Bernitsky v. United States*, 620 F.2d 948, 950 (3d Cir. 1980). For its reasoning, this Court found that the collections periods had not expired for the Debtor's federal income tax obligations stemming from the 2004-07 tax years since "the time during which the IRS may assess taxes that are owed due to a refund following an erroneous carryback application is measured form the year in which the person filed the return applying for the carryback, and not from the year to which the carryback offset is applied." *Op.*, p. 8.

3

The Decision further observed that, if the IRS issues a statutory notice of deficiency, the period for assessment would be extended for 90 days to permit the taxpayer to exercise its legal rights (or longer if the taxpayer seeks recourse in Tax Court), and for an additional 60 days thereafter. *Op.*, pp. 8-10; 26 U.S.C. §§ 6503(a)(1); 6212(c)(1). With that in mind, the decision found that the 2013 IRS assessment of the Debtor's taxes for 2004-2007 was permitted "because it, or at least the notice of deficiency, occurred within the extended period for assessing deficiencies attributable to a carryback provided by section 6501(h)." *Op.*, p. 9.

But the Bankruptcy Court did not enter findings of fact that would support that conclusion—nor is that conclusion deducible from the existing record. *Agathos v. Starlite Motel*, 60 F.3d 143, 151 (3d Cir. 1995) ("there is nothing in the district court's factual findings to support this conclusion…. [and] sitting as an appellate court we are not in a position to make findings of fact.").

Moreover, even if the factual record had been sufficiently developed for this Court to draw its conclusion, it would not be appropriate to calculate the permissible assessment period for taxes resulting from loss carryback claims to the "year in which the person filed the return applying the carryback." *Op.*, p. 8. Instead, section 6501(h) imposes an assessment period for tax deficiencies in prior tax periods that are caused by carryback loss claims that is coterminous with the period to assess a tax for the year in which the loss was incurred. 26 U.S.C. § 6501(h) ("…may be assessed at any time before the expiration of the period within which a deficiency for the taxable year of the net operating loss or net capital loss which results in such carryback may be assessed…").

Consequently, this Court should reverse the decision of the Bankruptcy Court determining that the tax claims for the 2004-2007 tax periods remain collectable, and remand the issue back to

the Bankruptcy Court with instructions for further proceedings in accordance with the guidance of this Court.

**B.      *No Exception Applies to Limit the Debtor's Right to Discharge Any Tax Claim.***

As articulated in the Debtor's filings in this appeal, the Bankruptcy Court improperly weighed the scant circumstantial evidence presented by the IRS against the interest of the Debtor, in violation of controlling legal authority.  This Court, relying on the Bankruptcy Court's decision, this Court found that a "burden-shifting regime" required the Debtor to "produce competent evidence of his good faith" to avoid a determination of nondischargeability under 11 U.S.C. § 523(a)(1)(C).  *Op.*, p. 24 *citing Bankr. Op.*, p. 24 ("collecting cases").  But the Bankruptcy Court's collected cases for burden shifting simply do not apply here.

In fact, that collection consisted of only three cases.  The first is a 1986 bankruptcy court decision containing the following *dictum*: "Although the burden of going forward may shift after plaintiff establishes a prima facie case, the ultimate burden of persuasion remains upon the plaintiff." *In re Brooks*, 58 B.R. 462, 464 (Bankr. W.D. Pa. 1986).  *Brooks* did not involve any shifting burden but the second case in the collection showed the limitations of the concept:

> "Once the creditor has introduced some evidence of the disappearance of substantial assets, the burden shifts to the debtor to explain satisfactorily the losses or deficiencies." Potter, 88 B.R. at 849 (citing In re Martin, 698 F.2d 883 (7th Cir. 1983)). The aforesaid burden that is shifted from an objecting creditor to a debtor under the preceding circumstances is only that of production (ie., going forward with evidence); therefore, the burden of persuasion under § 727(a)(5) remains with the objecting party.

*PNC Bank v. Buzzelli (In re Buzzelli)*, 246 B.R. 75, 116-17 (Bankr. W.D. Pa. 2000).  It is not the case that a creditor need only present a prima facie case—instead, when a creditor presents "catching the debtor red handed" evidence, courts still permit the debtor an opportunity to explain the apparent misconduct.  And, even then, the burden of persuasion remains with the creditor.  That

5

understanding is further supported by the third and final case from the collection, where there appeared to have been evidence of egregious, potentially criminal, misconduct.

> Defendant has **failed to account for over seventeen million dollars** in income and alleged expenses. Defendant was unable to provide any documentation for this income. Defendant was **unable to provide any documentation as to where the seventeen million dollars went**….
>
> …Defendant's 2013 state and federal tax returns **do not include $1,440,796.19 in payments** that Defendant received from [ ] a contractor who provided records to Plaintiff. …Defendant's bank account records to not reflect deposit of these funds into any of his 16 bank accounts. With no record of the disposition of this income, Plaintiff has no way of knowing how or if this money was ever disposed of…. **Defendant has offered no documentation to establish how he disposed of this money**.
> "Once it is determined that a debtor's records are inadequate, the burden shifts to the debtor to provide a justification." *In re Volpe*, 317 B.R. at 693.

*LM Ins. Corp. v. De Caris (In re De Caris)*, 585 B.R. 787, 792 (Bankr. D.S.C. 2018) (emphasis added). Plainly, the facts of those three collected cases do not support the shifting of any burden—nor do they excuse the failure of the IRS to its burden.

And the IRS alone bears those burdens. For its claim of nondischargeability, the burdens of proof, production, and persuasion remained, **at all times**, with the IRS—and the IRS did not meet those burdens in this case. *Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1120 (3d Cir. 1995) (emphasis added). "At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection." Fed. R. Bankr. P. 4005. Here, the IRS was the proponent of the objection, and it bore the burden of proof.

None of the cases in the Bankruptcy Court's collection [*Bankr. Op.*, p. 24] support the conclusion that a burden shifted to the Debtor to disprove the defense of the IRS that the Debtor's request to discharge certain tax claims should be subject to an exception to discharge under 11

6

U.S.C. § 523(a)(1)(C). Consequently, this Court should reconsider and amend its Decision to avoid the Bankruptcy Court's error of drawing adverse inferences against the Debtor from the IRS's misleading presentation of circumstances, without any actual evidence that the Debtor willfully attempted in any manner to evade or defeat any tax.

C. *This Appeal Concerns Avoidance and Limitation of IRS Liens Only as to Particular Parcels of Real Estate, and It Does Not Involve a General Determination of the Secured Claim.*

In its analysis of the Bankruptcy Court's adjudication of Counts X and XI, this Court correctly described the applicable jurisprudence permitting the avoidance of liens on real property in a case under chapter 11. *Op.*, pp. 16-21. This Court further observed that the lien of the IRS is "secured, not by a single asset or even a single class of assets, but by the total value of all the debtor's assets." *Op.*, p. 22.

Based on that observation, this Court found that the Bankruptcy Court improperly stripped the lien of the IRS since its "opinion includes no mention of personal property." *Op.*, p. 22. Each of the five surviving counts for lien avoidance (the others had been made moot by court-approved sales under 11 U.S.C. § 363) pertained *only* to the avoidance or limitation of the lien of the IRS upon particular parcels of real property.

Thus, it is no accident that the Bankruptcy Court's decision did not address the extent to which the lien might extend to personal property. Respectfully, none of the provisions of the Debtor's confirmed chapter 11 plan are within the appellate jurisdiction of this Court. For that reason, this Court prudently declined to address the concerns of the IRS concerning the confirmability of the Debtor's already-confirmed chapter 11 plan. *See Zardinovsky v. Arctic Glacier Income Fund (In re Arctic Glacier Int'l, Inc.)*, 901 F.3d 162, 166 (3d Cir. 2018).

7

**D.     *The Debtor is Entitled to Challenge the Alleged Timeliness of IRS Tax Assessments.***

This Court cited the Bankruptcy Court for its claim that the Debtor "did not challenge the timeliness of the IRS's assessments of taxes." *Op.*, p. 9. Following along, this Court ruled that the Debtor "abandoned the issue" of whether any particular assessment of the IRS had been untimely, writing:

> While Herron challenged the Bankruptcy Court's determination that the IRS's claims were timely in his opening brief, he did not respond to the government's arguments or otherwise maintain his challenge in his reply. *See generally* Appellant's Reply Br., No. 2:21-cv-1435-RJC (ECF No. 17) Accordingly, he abandoned this issue….

*Op.*, p. 10, n.2. However, neither observation is accurate.

In fact, the Debtor has preserved his right to challenge this issue at all stages of litigation and during this appeal. *Adv. Proc.*, doc. no. 34-1 ("…Defendant had been required to assess any tax imposed against the Plaintiff within three years of the filing of the relevant return. 26 U.S.C. § 6501. Once assessed, the Defendant had 10 years to lawfully collect any tax. 26 U.S.C. § 6502(a). It failed to do that and hopes that this Court will ignore the bright line limitation of section 6502."); doc. no. 91, p. 6 (criticizing IRS argument that "the "assessment date" from which the collection limitation of section 6502 of the Tax Code is to be measured from any date that the IRS adjusts or recomputes any previously assessed tax."); *Opening Brf.* case 2:21-cv-01435-RJC, doc. no. 13, p. 14; *Reply Brf.* case 2:21-cv-01435-RJC.

In any case, this Court's reasoning that the Debtor could somehow have abandoned an argument by failing to return to an argument disregards the plain reality that the very filing of a reply brief is discretionary. *See* Fed. R. App. P. 28(c) "The appellant **may** file a brief in reply to the appellee's brief."); Fed. R. App. P. 31(a)(1)("… The appellant **may** serve and file a reply brief within 21 days…") (emphasis added). The case this Court cited for that proposition did not involve

8

a judicial determination of abandonment or waiver—simply an observation that an appellant appeared to have abandoned the argument in a reply brief. *Mendelsohn v. Pappas (In re Pappas)*, 239 B.R. 448, 460 (E.D.N.Y. 1999).

Consequently, this Court should reconsider and amend its Decision to reflect that the Debtor is entitled to challenge any contention of timeliness of assessment.

## Conclusion

For the foregoing reasons, and for the reasons expressed in the Debtor's previous filings in this Court and in the Bankruptcy Court, this Court should reconsider and amend its Decision.

Dated:  February 23, 2024                                         Respectfully submitted:


   /s/ Aurelius Robleto
ROBLETO KURUCE, PLLC
Aurelius P. Robleto
PA ID No. 94633
6101 Penn Ave., Ste. 201
Pittsburgh, PA 15206
Tel: (412) 925-8194
Fax: (412) 346-1035
apr@robletolaw.com

9